S. E. MARSH ET ALS. V. J. C. EARLY, TAX COLLECTOR, ET ALS.

(Filed 22 September, 1915.)

**1. School Districts—Counties—State Agencies.**
> Counties are mere agencies of the State, and the Legislature has authority to create school districts solely in one or partly in two counties and abolish them at will.

**2. Same—Enlarging and Reducing Districts—Taxation—Constitutional Law.**
> Where under legislative enactment a school district has been enlarged upon approval of its voters, a bond issue for school purposes favorably passed upon and taxes levied therefor and the collection thereof placed in the hands of a duly authorized collector, the collector may not be enjoined by the taxpayers living in the territory taken in, on the ground that the Legislature, by a subsequent act, has again restricted the district to its former limits, the taxes sought to be enjoined being those due before the latter enactment became effective.

**3. Same—Back Taxes—Interpretation of Statutes.**
> Ch. 485, Private Laws 1913, extending the limits of Aulander School District to take in certain outlying territory, provided the proposition be favorably voted upon by the voters of the proposed district, and chapter 424 of the same laws, making the school district coterminous with the boundaries of the town, may stand together in their interpretation.

APPEAL by defendant from *Lyon, J.,* at the August Term, 1915, of HERTFORD.

*Alex. Lassiter and Winborne & Winborne for plaintiffs.*
*Winston & Matthews for defendants.*

CLARK, C. J.  The town of Aulander, Bertie County, was incorporated by chapter 84, Private Laws 1885.  By chapter 176, Private Laws 1905, the Aulander Graded School District was incorporated, the boundaries being the same as those of the town.  By virtue of chapter 485, Private Laws 1913, ratified 27 February, 1913, the graded school district of Aulander was extended and made to embrace a part of the county of Hertford adjacent to the town, but by section 15 thereof its validity was made dependent upon the adoption by a majority of the qualified voters of said district of the bond issue and special tax, at the election therein directed to be held.  Under the authority of that act the question of the special tax and bond issue was submitted to the voters of the new district 29 September, 1913, including the small portion of Hertford embraced in said district, and the proposition was adopted, the result legally announced, and the bonds issued and sold. To provide for payment of interest on the bonds and a sinking fund to meet the principal and other expenses set out in the act, the trustees levied taxes for the year 1914 and put their tax list in the hands of J. C. Early, who had been elected tax collector for the whole school district.

30—169

Before the collector had collected taxes from these plaintiffs the General Assembly, by chapter 287, Private Laws 1915, ratified 9 March, 1915, repealed so much of the act of 1913, Private Laws, ch. 485, which had placed the strip of Hertford County territory aforesaid within the area of the graded school district of Aulander. The plaintiffs live in that part of Hertford County which was thus taken out of the district. The tax collector had, by virtue of the tax list in his hands, levied upon personal property of these plaintiffs. This proceeding was a restraining order temporarily granted against the sale of said property. The parties filed an agreed statement of facts and thereupon the court granted a perpetual injunction against the defendants.

There are no restrictions in the repealing act, Private Laws, ch. 287 of 1915, and no saving clauses. The act merely says, "To take effect from ratification." The defendants are not seeking to collect any taxes except those for 1914, which were a lien upon the property of the plaintiffs and on the list in the hands of the collector when the repealing act was passed.

We are not called upon to pass upon the power of the Legislature to exempt the property of the plaintiffs from these taxes, which had already accrued before the passage of the act of 1915, and which were on the tax list of the collector at the time of the passage of such repealing act, if the Legislature had seen fit to so enact. Nor are we called on to decide what recourse, if any, the bondholders have against the residents of the excluded territory, and no point is made that the tax collector is not a resident of that part of Hertford County. Indeed, it does not appear whether he lives in that territory or in Bertie County, but merely that he was elected tax collector by the district including that area. He is not an officer of either Bertie or Hertford County, but of the district only.

The sole question before us is the construction and intent of the Legislature as expressed in chapter 287, Private Laws 1915, which excluded from the Aulander School District that portion of its territory which lay in Hertford County. It is not material, in any way, whether the territory thus withdrawn lay in Hertford or in Bertie. It was in the power of the Legislature to place such territory as it saw fit in the school district, and it could withdraw any of such territory, or add more thereto at will, for the counties are merely agencies of this State. *Tate v. Comrs.,* 122 N. C., 813; *McCormac v. Comrs.,* 90 N. C., 444.

This part of the territory of the school district which was afterwards withdrawn therefrom by the act of 1915, voted with the rest of the district on 29 September, 1913, on the issue of bonds and special taxes. It had received for the school children from that section, presumably, and so far as this record shows, all the benefits of the school for the

year 1914, for which these taxes were levied.     Such being the' case, we cannot impute to the Legislature the intention to relieve the plaintiffs from their share of the taxes incurred, and due before the repealing act of 1915 was passed, in the absence of any saving clause or exceptions indicative of such intention.

The language of the statute is that it shall take effect "from its ratification."    That made the act prospective and not retroactive.    From that day forward, the excluded territory was no longer a part of the Aulander School District, but there was nothing which exempted such territory from liability for the taxes already accrued and due, for which the citizens of that territory presumably had received their share of benefits.    It would seem clear, therefore, that such liability being vested, the plaintiffs are not exempted therefrom in the absence of any expression of the legislative will to that effect.

There was also passed at the same session, with act above construed (chapter 485, Private Laws 1913), chapter 424, Private Laws 1913, ratified 10 March, 1913, which amended the limits of the town of Aulander and made the Aulander Graded School District coterminous. But there is nothing in this act which amends or repeals chapter 485, Private Laws 1913.    The two acts can stand together, especially as chapter 485 was made prospective and dependent for its effect, as already stated, upon an election to be held in the new district, embracing the territory from Hertford, which election was held 29 September, 1913.    Indeed, the plaintiffs do not raise this point in their brief, and the agreed state of facts, sections 8 and 7, recites that the plaintiffs are "proceeding to exercise the right of collecting the taxes levied for the year 1914, against the property and poll of all persons living within that part of Hertford County which prior to the passage of said repealing act (9 March, 1915) was within the limits and boundaries of the Aulander Graded School District."

The plaintiffs quote *Dare County v. Currituck,* 95 N. C., 189, that "The Legislature has the power to require that the part of the territory taken from a county shall continue to pay its proportionate part of the debt of the county from which it is taken, existing at the time of the separation; and it may likewise relieve them from such debt."    This statute does not purport to relieve the plaintiffs from liability for the debt already accrued, and the restraining order should have been dissolved and the injunction denied.

If there had been any doubt as to the power of this tax collector it is set aside by chapter 26, Laws 1915, which provides:    "All sheriffs and tax collectors who, by virtue of their office, have had the tax lists for the purpose of collecting the taxes of their respective counties and towns and school district in their hands for the years 1911, 1912, 1913, and 1914  .  .  .   are hereby authorized and empowered to collect

arrears of taxes for each of the years aforesaid." The power of the Legislature to so provide is beyond question. *Wilmington v. Cronly,* 122 N. C., p. 383, and cases there cited, and citations thereto in Anno. Ed.

Reversed.