J. T. MANN et al. v. W. H. ALLEN, Sheriff.

(Filed 22 March, 1916.)

1. Taxation—Levy—Repealing Statutes—Interpretation of Statutes.

Interpreting statutes involving chiefly the repeal of a tax, it is *Held*, that as to taxes already levied it will be given a prospective effect only, unless the law controlling the matter forbids such construction.

2. Same—School Districts—Legislative Powers—Constitutional Law.

Where a school district has been established under the provisions of the Revisal, sec. 4115, and in the exercise of the powers therein conferred have annually levied a tax for school purposes, and, accordingly, a tax was levied for the current year, but subsequently and in pursuance of chapter 135, Laws 1911, an election was ordered on the question of revoking the special tax, which was held and carried in favor of the repeal: *Held*, the repeal of the former tax was prospective in its operation, and especially when the authorities had theretofore contracted with teachers and for other necessary expenses to carry on the school work authorized by the former act, Revisal, sec. 4115. *Quære*, as to whether the Legislature would have the authority to repeal the exercise of the power of taxation as to creditors conferred under the former act. Constitution, Art. VII, sec. 4; Art. VIII, sec. 1.

3. Taxation—Levy—Assessment—Repealing Statutes.

While the word "levy," when used with reference to executive officers, usually means the taking of the property levied upon into the possession or control of the officer, this meaning does not apply when it is used with reference to taxation, for then it refers to the imposition of the tax by the Legislature or under proper legislative sanction, or the apportionment of such tax to the individual taxpayer, and placing the same on the official lists preparatory to its collection, which in some instances is said to be the equivalent of an assessment. And where a statute repeals a former act, and a levy of the character stated has thereunder been made, the repealing act will be construed as prospective in its operation.

CIVIL ACTION by plaintiff and others, residents and taxpayers of New Hope Special School District in Franklin County, N. C., to restrain the collection of taxes levied in said district, tried before *Peebles, J.,* holding courts of the Seventh Judicial District, on 14 December, 1915. On the pleadings and the facts as therein admitted there was judgment permanently enjoining the collection of the tax, and defendants excepted and appealed.

*W. M. Person for plaintiff.*
*Bickett, White & Malone for defendant.*

HOKE, J.　From a perusal of the pleadings it appears that in 1910 the New Hope Special School District in Franklin County was established pursuant to the law controlling the question, Revisal, sec. 4115, and thereafter continued in the exercise of powers then conferred, levying an annual tax for school purposes, etc., and on the first Monday in August, 1915, this tax was levied for the current year, 1915-16; that on 7 October the tax lists were placed in the hands of defendant for collection and some of the taxes had been already collected at the time of action commenced, on 11 November; that, relying upon the usual special tax in said district, the school authorities had employed teachers for the present fiscal year and had entered into contracts looking to the maintenance of the school and which cannot be carried out without this tax in addition to the regular apportionment.

It further appears that on the first Monday in August, 1915, upon petition properly approved and indorsed, pursuant to amendment to the law, chapter 135, Laws 1911, the entire legislation appearing in Gregory's Supplement, vol. 3, pp. 655-656, an election was ordered on the question of revoking the special school tax and abolishing the district; that the election was held on 10 September, 1915, and the question was carried in favor of the repeal, and return thereof made to the next meeting of the board of commissioners on the first Monday in October, being 4 October.

In reference to the question thus presented, in a proceeding of this character, legislative in its nature and involving chiefly the repeal of a tax, it is very generally held that, as to taxes already levied, the same will be given a prospective effect only unless the law controlling the matter clearly forbids such a construction. *Clegg v. The State,* 42 Texas, 615; *Tel. Co. v. The Commonwealth,* 66 Pa. St., 70; *S. v. Savings Bank,* 68 Me., 515; *Smith v. Auditor General,* 20 Mich., 398; *Town of Belvidere v. Warren R. R. Co.,* 34 N. J., 193; *Smith v. Keely,* 64 Ore., pp. 464-473; 1 Cooley on Taxation, p. 21.

In *Clegg v. The State, supra,* it is held that the repeal of former tax laws does not relinquish the right of the State to recover taxes previously levied but not collected.

In *Smith v. Keeley, supra, Moore, J.,* delivering the opinion, said: "It is the general rule that, unless reserved, the repeal of a special-tax law destroys the remedy for enforcing the collection of the tax, but when a tax system is revised and the former law. repealed, the legislative intent is assumed to be of prospective force only, and hence, prior valid assessments shall not be affected by such repeal." And the principle is stated in substantially similar terms by Judge Cooley in his work on Taxation, as follows: "The repeal of a tax law puts an end to all right to proceed to a levy of taxes under it, even in cases already commenced, and statutory remedies for the enforcement of a tax are gone when a statute is repealed without an express saving; but in general, when a tax system is revised with the repeal of a former law, it is safe to assume that the legislative intent is that the new enactment is of prospective force only, and shall not disturb existent valid assessments."

This position was fully approved and applied with us in the recent case of *Marsh v. Early,* 169 N. C., 465. In that case a portion of territory contiguous to the town of Aulander had by legislative enactment and vote been added to the Aulander School District, and, a debt having been contracted, taxes were levied for the current year to pay the interest. Pending collection, the Legislature repealed the statute by which the adjacent territory had been added, and it was held, the present *Chief Justice* delivering the opinion, that, as to the taxes already levied, the repealing statute should operate prospectively and taxes could be collected.

We regard this case, and the principle upon which it rests, as decisive of the one before us, and are of opinion that, on the facts as appearing and admitted in the pleadings, the restraining order should have been dissolved. We are confirmed in this view by reason of the fact also appearing in the record, that the school authorities, pursuant to the duties incumbent upon them, have employed teachers and assumed obligations for the current year, and that these cannot be met without the collection of this additional tax. They had no right to fail in their present duties because the election might result in the abolition of the district. They were compelled to their proper performance under the law as it existed, and, this being true, there is doubt if the Legislature could, directly or indirectly, repeal the law establishing the district so as to deprive creditors of all remedy for their claims. True that, under our Constitution, the right reserved to the General Assembly to repeal or modify acts of incorporation, municipal or other, is very broadly conferred, Article VII, sec. 14; Article VIII, sec. 1; but, as to creditors, the power is not unlimited, and it may be that, under the principles recognized by this Court in *Broadfoot v. Fayetteville,* 124 N. C., 478, the collection of this tax could, in any event, be enforced to the extent required to meet obligations lawfully incurred.

While it is not necessary to decide this question, the facts referred to are proper to be considered in support of the construction that the statute and the proceedings under it are and are intended to be prospective only, for, in cases of doubt, the courts should always incline to the interpretation that will assuredly uphold the law. Black Interpretation of Laws, p. 93. It is earnestly insisted for the plaintiffs that, on the present record, there had been no levy of these taxes within the meaning of cases referred to and on which our decisions have been made to rest. It is true that, when referring to the action of executive officers, the term "levy" is usually properly held to mean the taking of property into the possession or control of the officer, *Perry v. Hardison,* 99 N. C., 21; *Cary v. German,* 84 Wisc., 80; but when used in reference to taxation it more generally refers to the imposition of the tax by the Legislature or under proper legislative sanction or to the apportionment of such tax to the individual taxpayer and placing the same on the official lists preparatory to their collection, and in some instances is said to be the equivalent of "assessment." *S. v. Lakeside Land Co.,* 71 Minn., 283; *Moore v. Forth,* 32 Miss., 469; 27 A. and E. (2 Ed.), p. 729.

In Cooley on Taxation, p. 22, *supra,* the author, as heretofore quoted, in stating the principle, said that, "On repeal of a former law, the new enactment shall be prospective only, and shall not disturb *valid assessments.*"

On the record, we are of opinion, as stated, and so hold, that the abolition of the district should be properly considered as prospective in its operation, and that the collection of the current tax laid and already assessed should be enforced under the provisions of existent law.

There is error, and the judgment is

Reversed.