IN THE MATTER OF L. J. PHIPPS, TRUSTEE.

(Filed 27 April, 1932.)

1. **Execution D a—Attempted levy on personal property in this case held insufficient, and levy was void.**

   Where a mortgagor pays a certain sum in cash into the hands of the clerk of the Superior Court as a deposit for an advanced bid, for the resale of property sold under a mortgage, and the sheriff attempts to levy thereon under execution by demanding the sum of the clerk and making a notation upon the execution to the effect that he had levied upon the fund, and the clerk retains the fund and agrees to apply it to the judgment if it should subsequently be determined that the sheriff had a right to levy on the fund, and upon knowledge of the transaction the mortgagor claims the fund as his personal property exemption, and it appears that the sheriff neither touched nor saw any part of the funds in the clerk's hands: *Held,* there was no sufficient levy upon the funds by the sheriff, and the attempted levy was void.

2. **Mortgages H o—In this case held: mortgagor paid amount necessary for resale into court and clerk should have ordered resale.**

   Where a mortgagor pays the sum necessary for an advance bid on property sold under a mortgage, and the sheriff attempts to levy thereon under an execution against the mortgagor, but it appears that the attempted levy was void, the mortgagor has the right to use the money as an advance bid and it is the duty of the clerk to order a resale, and a judgment that no advance bid had been made and ordering the trustee to make deed to the purchaser at the sale will be reversed.

CIVIL ACTION, before *Daniels, J.* From ORANGE.

The facts are contained in the judgment and, briefly stated, are as follows: The plaintiff is trustee in a deed of trust executed by W. G.

Fields and wife to secure the note therein described. Default having been made in the payment of the note, Phipps, trustee, duly sold the land and the Phillips Lumber Company became the highest bidder for same at the price of $4,200. Within ten days from the date of said sale W. G. Fields paid $210 in cash to the clerk of the Superior Court of Orange County as an advance bid, and the clerk ordered a resale. In accordance with the order, the land was resold on 14 September, 1931, and the Phillips Lumber Company again became the highest bidder for the price of $4,410.50. On 16 September the sheriff of Orange County, holding an execution duly issued in a cause entitled Phipps Lumber Co. v. W. G. Fields, read said execution to the clerk of the Superior Court and demanded the surrender of the $210 theretofore deposited with the said clerk by Fields as an advance bid on said land. The clerk, acting not voluntarily, but in deference to the power he thought vested in the sheriff under the execution, agreed to surrender the said $210, which was at that time in the locked safe of said clerk, and the said sheriff entered notation upon the execution as follows: "16 September, 1931. I have this day levied on the sum of $210 in cash in the hands of the clerk of the Superior Court of Orange County, held by the said clerk for W. G. Fields and have turned over the same to the court for appropriation to the judgment on this execution. W. T. Sloan, sheriff. By H. A. Hearne, D. S."

That at the time of said transaction there was present in addition to the clerk and the sheriff, the attorney for the Phillips Lumber Company, and in response to the request by the attorney that the clerk make an entry upon the judgment docket, the clerk refused to do so until an agreement was had, that in the event it should subsequently be determined that the sheriff had no right to take said money in this manner or that the said Fields had a right to said money as his personal property exemption, then the appropriation of the $210 to the judgment should be considered void. That thereupon and because of said agreement the clerk made the following entry on the judgment docket: "Paid into office on this judgment by G. A. Hearne, D. S., 16 September, 1931, $210 out of deposit of Fields levied on this day and collected from C. S. C."

That the said $210 when deposited by W. G. Fields was in currency and was placed by said clerk in the safe in his office where it has remained up to the present time, and that at the time of the transaction between the clerk and the sheriff there was no actual exchange of the money, but there was a mutual understanding that a levy was being made and that there was a transfer to the sheriff and a retransfer to the clerk to be appropriated upon the judgment.

That on the afternoon of 24 September, 1931, the same being the last day for filing an increase bid upon the said land, the said W. G. Fields tendered the clerk $10.52 and authorized and directed him to apply the same together with the $210 theretofore deposited as an increase bid upon said land. That the clerk thereupon advised the said Fields of the disposition theretofore made of the said deposit and such advice was the first notice the said Fields had of this transaction. That immediately the said Fields demanded his personal property exemption of the sheriff and designated his deposit of $210 as a part thereof, and this was the first demand made by Fields for his personal property exemption.

That thereafter, and upon the same afternoon, the said Fields tendered the said clerk the sum of $10.52 and authorized and directed him to apply the same together with the $210 deposit as an advance bid, and that the clerk accepted the same with the understanding and agreement that if the alleged levy upon the $210 was not a valid levy he would consider that a sufficient amount for an increase bid had been tendered and would order a resale.

Upon the foregoing facts, the court is of the opinion that no advance bid upon said land was made or tendered by the said W. G. Fields in accordance with the requirements of the statute. It is, therefore, adjudged that the said L. J. Phipps, trustee, upon payment of the purchase price be, and he is, hereby authorized and instructed to make and deliver to the Phillips Lumber Company, deed in fee simple for said land.

From the foregoing judgment Fields gives notice of appeal to the Supreme Court.

*S. M. Gattis, Jr., and Graham & Sawyer for Fields.*
*J. A. Giles and R. T. Giles for Phipps, trustee.*

BROGDEN, J. Did the sheriff make a valid levy upon the $210 currency in the hands of the clerk?

If the levy made by the sheriff was valid, the money in contemplation of the law, belonged to the judgment creditor instead of to Fields, and consequently the amount tendered by Fields as an advance bid was wholly insufficient for such purpose. Upon the other hand, if the levy was insufficient and invalid, the clerk still holds the money for Fields and is entitled to have the same used as an advance bid and thus procure a resale of the property. The term "levy" was first defined by *Pearson, J.,* in *Bland v. Whitfield,* 46 N. C., 122, as follows: "Levy, in its legal acceptation, means the act of appropriating—singling out certain prop-

erty of the debtor, for the satisfaction of an execution, and it is done by making an endorsement to that effect upon the execution." However, it has never been held in this jurisdiction that mere endorsement upon the execution is conclusive of a valid seizure of property. In the same case the Court also said: "In regard to land, it (levy) may be made in the office, although it may be ten miles distant, and the officer has never seen it. In regard to personal property, it is necessary for the officer to go to it, so as to have it in his power to take it into actual possession if he chooses. It is safest for him to do so, and carry it away, for then he can hold it against all persons, but it is not necessary for him to do it, or for him to touch the property; the levy is perfected by his making the endorsement upon the execution. He may leave the property in the possession of the debtor, and take a forthcoming bond; or he may leave it there without any bond, and the effect of the levy is to give him such an interest and possession in contemplation of law, as will enable him to bring trespass against any one who interferes with it, except another officer." Again, in *Long v. Hall,* 97 N. C., 286, the Court said: "A seizure is necessary, and if from the nature of the property (as is the case with the growing crop, but not of the cotton in the gin and crib), an actual seizure be impossible, some act as nearly equivalent to a seizure as practicable, must be substituted for it." *Perry v. Hardison,* 99 N. C., 21.

In further support of the idea expressed in earlier decisions, this Court declared in *Clifton v. Owens,* 170 N. C., 607, 87 S. E., 502, that in order to constitute a valid levy upon personal property the personalty must be taken into the sheriff's possession or placed under his control. The same idea was expressed in *Mann v. Allen,* 171 N. C., 219, 88 S. E., 235, to the effect that the term "levy" is properly held to mean—the taking of the property into the possession or under the control of the officer.

The principles announced by this Court are generally recognized. For example, in *Trainer v. Saunders,* 19 A. L. R., 861, it is written: "It is ordinarily the duty of the sheriff in executing his process either to take into his possession the article upon which he levies, or at least to have it in sight when he does so." The opinion quotes 2 Freeman, Executions, 823, as follows: "It is not enough that, having the property within his view, and where he can control it, he does profess to levy and to assume control of the property by virtue of the execution, and with the avowed purpose of holding the property to answer the exigencies of the writ."

Applying the principles established in the decisions and by textwriters, the Court is of the opinion that no valid levy was made upon

the money in the hands of the clerk. The sheriff, although the money was in the clerk's office in the safe, neither touched nor saw a dollar of the money. While a certain entry was made upon the judgment docket, the clerk expressly declined to surrender the control of the money to the sheriff except upon condition. For all practical purposes, the condition prescribed by the clerk was that the levy or surrender of possession should be approved by the court. In effect, the clerk said to the sheriff: "I will surrender the money and make an entry on the judgment docket, provided you can get an order of court declaring that the levy is valid, and that you have the power to take possession of the money." This was not sufficient to constitute a valid levy. Therefore, the money still belongs to Fields and is in the possession of the clerk for his benefit. Consequently he had the right to use the money as an advance bid upon the purchase price of the property, and it was the duty of the clerk to accept it as such when duly tendered and to order a resale of the property.

Reversed.