BANK OF DUPLIN, ROSE HILL BRANCH, AND W. T. WALLACE, TRUSTEE, AND GURNEY P. HOOD, COMMISSIONER OF BANKS, v. W. I. HALL, H. H. HALL, W. H. HALL, ANNIE L. HALL, J. F. WILLIAMS, ET AL.

(Filed 23 November, 1932.)

1. **Chattel Mortgages A b—Chattel mortgage to bank is not void because acknowledgment thereof is taken by bank's cashier.**

 Although a grantee in a chattel mortgage is not qualified to take the acknowledgment thereof, a chattel mortgage to a bank will not be declared void because the acknowledgment thereof was taken by its cashier. C. S., 3345.

2. **Execution A b—In this case held: sheriff did not make a valid levy on personal property of judgment debtor.**

 Where the sheriff into whose hands an execution on a judgment is placed returns the same with a notation that the judgment debtor having filed a stay bond the execution is returned, and attached to the return is a bond reciting that the sheriff had levied upon the personal property of the debtor and permitted it to remain in the debtor's possession: *Held,* although the return of the sheriff is prima facie evidence of a proper levy, the presumption is rebuttable, and the return failing to contain an itemized statement of the property and disclosing that the property had not been taken into the possession of the sheriff rebuts the presumption, and the levy will be held void. C. S., 675.

3. **Chattel Mortgages J c: Fraudulent Conveyances A e—In this case prior mortgage held valid, it not being discharged by substituted mortgage.**

 Where a borrower from a bank executes a chattel mortgage on his personal property to secure the note, and thereafter gives the bank another note in substantially the same amount and another chattel mortgage on his personalty: *Held,* nothing else appearing the second note and chattel mortgage given in substitution of the first does not discharge the first in the absence of its surrender to the mortgagor and its cancellation of record, and where there is no evidence that the first mortgage covered practically all of the mortgagor's property, or that the mortgagor was insolvent at the time of its execution, the first mortgage is valid and will not be construed as an assignment for benefit of creditors.

CIVIL ACTION, before *Grady, J.,* at December Term, 1931, of DUPLIN.

On or about 10 December, 1924, the defendants, W. I. Hall, W. H. Hall and H. H. Hall executed and delivered to the Bank of Rose Hill two notes, aggregating $2,700, and secured the same by chattel mortgage upon certain cows, horses, mules, sheep and hogs. The chattel mortgage was registered 11 December, 1924. Thereafter on or about 15 July, 1926, all the assets of the Bank of Rose Hill were transferred and assigned to the Bank of Duplin. At the June Term, 1927, Boyle Ice Company obtained a judgment in the Superior Court of New Hanover County against the defendants, W. I. Hall, William Heman Hall and Henry H. Hall, trading as W. I. Hall and Sons, and Hall Ice Cream Company in the sum of $638.30 with interest from 1 July, 1926. This judgment was duly docketed on 16 June, 1927. Execution issued thereon and was received by the sheriff on 16 June, 1927. The return of the sheriff on said execution is as follows: "To hand 16 June, 1927 . . . Executed . . . By . . . W. I. Hall and Sons, having filed a stay bond to stay execution until a motion and appeal to set aside this judgment could be heard, I herewith return this execution to W. N. Harriss, C. S. C., together with bond of W. I. Hall and Sons. This 19 July, 1927. D. W. Williamson, sheriff." Attached to said return was a forthcoming bond executed by W. I. Hall, Heman Hall, Henry Hall, and A. L. Ward in the sum of $713.10. Said forthcoming bond recited that "the said D. S. Williamson, sheriff as aforesaid, hath this day levied an execution in favor of Boyle Ice Company against the above bounden Heman Hall, Henry Hall and W. I. Hall upon all the personal property and real property, and hath permitted all of said property to remain in the possession of said W. I. Hall, Heman Hall and Henry Hall," etc. Thereafter the Halls executed and delivered to the Bank of Duplin a note for the sum of $2,709.87, dated 22 July, 1927, and in order to secure the payment thereof executed a chattel mortgage, dated 22 July, 1927, covering cows, horses, mules, sheep, hogs, and certain farming implements. Thereafter, on or about 29 July, 1930, the Bank of Duplin instituted a claim and delivery proceeding against the Halls to take possession of the property described in said chattel mortgage in order to sell the same to apply to said debt. The Boyle Ice Company, the appellant, filed an answer alleging that the chattel mortgage held by the Bank of Duplin was void for that the Boyle Ice Company had secured a judgment against the Halls and issued execution thereon, and that the sheriff of Duplin County had seized the personal property described in the chattel mortgage by virtue of said execution and acquired a lien thereon prior to the execution of the chattel mortgage. It was further alleged that the Halls were insolvent when they executed

said chattel mortgage, and that the same was intended to secure a pre-existing debt, and that the mortgagors had retained no other property sufficient to pay their debts, and consequently said chattel mortgage was equivalent to an assignment for the benefit of creditors.

The following issues were submitted to the jury:

1. "Was the chattel mortgage made by W. I. Hall to the Bank of Duplin recorded in Book 300, page 117, of the register's office of Duplin County, made for the purpose of securing the preëxisting debt as alleged by the defendant, Boyle Ice Company?"

2. "Did said chattel mortgage convey to said bank practically all of the property belonging to the said W. I. Hall, as alleged by the Boyle Ice Company?"

3. "Was said chattel mortgage from W. I. Hall to the bank of Duplin made for the purpose of defrauding the creditors of the said W. I. Hall, as alleged by defendant, Boyle Ice Company?"

4. "Did the Bank of Duplin file inventory and schedule as assignee of W. I. Hall *et al.,* as required by the statute regulating the assignment for the benefit of creditors?"

5. "Is the plaintiff the owner and entitled to the possession of the personal property described in the chattel mortgage from W. I. Hall to the Bank of Duplin, recorded in Book 300, page 117, of the register's office, Duplin County?"

6. "What was the value of said property at the time it was seized by the sheriff under claim and delivery?"

7. "What is the balance due and owing by the defendants Hall on the note from W. I. Hall *et al.,* to the Bank of Duplin?"

The trial judge charged the jury to answer the first issue "No," the second issue "Yes," the third issue "No," the fourth issue "No," and the fifth issue "Yes." The sixth and seventh issues were answered by consent.

From judgment upon the verdict in favor of the Bank of Duplin and Gurney P. Hood, Commissioner of Banks (the Bank of Duplin having become insolvent), and further that said plaintiffs were the owners and entitled to the possession of the personal property described in the chattel mortgage, the Boyle Ice Company appealed.

*George R. Ward for plaintiff.*
*I. C. Wright for Boyle Ice Company.*

BROGDEN, J. The execution of the chattel mortgage, dated 10 December, 1924, was acknowledged before S. D. Pittman, notary public, who was cashier of the bank, the grantee in the mortgage, and the Boyle Ice

Company insists that said mortgage was void. This contention, however, cannot be sustained. C. S., 3345. It has been held that a grantee in such an instrument is not qualified to take the acknowledgment thereof. *Cowan v. Dale,* 189 N. C., 684, 128 S. E., 155.

The Boyle Ice Company further asserts that it had a lien upon the personal property described in the mortgage by virtue of a levy duly made by the sheriff of Duplin County on or about 19 July, 1927. No lien is acquired upon personal property in this State until a levy is duly made. C. S., 675, subsection 1; McIntosh, North Carolina Practice and Procedure, pp. 844-845. Consequently, the question arises: Did the sheriff make a proper levy upon said personal property? The return of the sheriff is prima facie evidence of a proper levy. *Perry v. Hardison,* 99 N. C., 21. The essential elements of a levy are discussed and applied *In re Phipps,* 202 N. C., 642. The levy in the case at bar does not comply with the principles of law heretofore declared. In the first place, the return of the sheriff does not recite a levy nor disclose an itemized statement of the property seized. Indeed, the express language of the return would apparently exclude the conclusion that the property was either actually or constructively seized. The following declaration of the court in *Perry v. Hardison, supra,* is directly in point and conclusive: "Here the prima facie proof is rebutted, and it is shown there never was any levy, and that the goods remained uninterfered with, in the defendant's hands, and were appropriated by him to his own use." *In re Phipps, supra.* See, also, C. S., 682. While the forthcoming bond recites a levy, it is manifest upon an inspection of the record that no legal levy was made, and hence the Ice Company acquired no lien by virtue thereof.

The record discloses that the bank held a chattel mortgage given by the Halls in December, 1924, and that this mortgage covered practically the same property as the chattel mortgage of July, 1927. There is no evidence that the Halls were insolvent in 1924, or that the chattel mortgage then given was for a preëxisting debt, or that the property described therein was practically the entire property of the mortgagors. The giving of another mortgage in 1927, nothing else appearing, did not discharge the lien of the existing mortgage given in 1924. This principle was announced in *Wilkes v. Miller,* 156 N. C., 428, 72 S. E., 482, as follows: "The substitution of one note and mortgage for another will not discharge the lien of the original note and mortgage unless the latter is surrendered to the mortgagor, or canceled of record. It is only a renewal or acknowledgment of the same debt."

An examination of the entire record does not disclose the presence of reversible error.

Affirmed.