A. C. HOUSE v. R. B. BOYD ET ALS.

(Filed 7 March, 1917.)

1. Issues—Pleadings—Appeal and Error.

When the issues submitted relate to the disputed matter arising from the pleadings, whereunder all competent evidence can be submitted to the jury for their determination, they are sufficient.

**2. Courts—Recall of Witness—Discretion—Appeal and Error.**

> The permission by the court for a party to recall a witness who has already testified is within the sound discretion of the trial court, and is not reviewable on appeal unless it has been grossly abused.

**3. Principal and Agent—Commissions—Evidence—Trials—Questions for Jury.**

> In this action to recover agent's commission under contract for the sale of timber, it is *Held*, that the evidence of agency, and that of the efforts of the alleged agent to sell the timber, were sufficient; as to the former, of the fact of agency, and as to the latter, that the agent's acts were the efficient cause of the sale, and that he performed his contract.

CIVIL ACTION, tried at August Term, 1916, of HALIFAX, before *Winston, J.,* upon these issues:

1. Was plaintiff the agent of the defendants in procuring the memorandum of 4 January, 1913, called the Palmer Camp contract? Answer: "Yes."

2. If he was not, did the defendants ratify the said contract of 4 January, 1913? Answer:

3. Was the plaintiff the agent of the defendants in the sale of the timber described in the complaint and on the terms therein stated? Answer: "Yes."

4. Did plantiff contract with defendants to sell and estimate the timber in question as the agent of the defendants? Answer: "Yes."

5. If so, did the plaintiff render all the services to defendants called for in the contract with the defendants? Answer: "Yes."

6. What necessary and reasonable expense did defendants incur in estimating the said timber which plaintiff agreed to pay? Answer: "None."

7. What sum, if any, is plaintiff entitled to recover of the defendants? Answer: "$2,000."

From the judgment rendered, defendants appealed.

*G. E. Midyette, Peebles & Harris, W. L. Knight, W. E. Daniel* for plaintiff.

*T. T. Hicks, Tasker Polk, George C. Green* for defendants.

PER CURIAM. The foundation of plaintiff's cause of action is an alleged agreement by defendants to pay him a commission of three-eights of all the purchase price over $30,000 for effecting the sale of standing timber on the lands purchased by defendants from G. E. Ransom.

The defendants excepted to the issues submitted and tendered other issues.

We think the issues submitted present for decision of the jury such disputed matters of fact as arise upon the pleadings and not upon the evidence. When such is the case, objection will not be entertained to the mere form in which issues are submitted. If the issues are so formulated that each party to the action can introduce pertinent and competent evidence upon any material matter in a controversy, and put at issue by the pleadings, they are sufficient. Clark's Code, ch. 2, pp. 311-393.

The defendants excepted to the introduction of the deposition of P. D. Camp, upon what ground we are not informed in the brief. We see no irregularity set out in the record, and the objection was properly overruled.

Defendants except to the court allowing the recall of plaintiff for further examination.

This is a matter resting in the sound discretion of the court, and not reviewable unless grossly abused, as has been repeatedly held by this Court. The defendants moved to nonsuit at close of the evidence. The motion was properly overruled.

The evidence of plaintiff, taken in its most favorable light for him, tends to prove that the defendants purchased the land and timber from G. E. Ransom for $60,000; that they contracted with one Palmer and plaintiff to sell the timber on the land; that the final and last agreement was to pay Palmer two-eights and plaintiff three-eights of the purchase money received for the timber over and above $30,000. The evidence tends to prove that the timber was sold to P. D. Camp, trustee, and the Camp Manufacturing Company, and $39,007.44 received by the defendants therefor.

It is earnestly contended that plaintiff was not the agent of defendants in the sale of the timber and not an efficient cause in effecting the sale. There is evidence upon the part of plaintiff disclosing his efforts to sell the timber, from which the jury had a right to infer that he materially assisted in effecting a sale of the timber and that he fully performed the agreement upon his part.

There are no assignments of error relating to the evidence, but quite a number to the charge and to the refusal of the court to give certain prayers for instruction. We have examined the charge as applied to each issue and think the learned judge presented the case to the jury fully and clearly and with perfect fairness to both plaintiff and defendants.

The whole controversy seems to be largely one of fact, and in the trial of it we find

No error.