## A. B. HUNTER & CO. v. J. L. SHERRON.

(Filed 16 October, 1918.)

**1. Courts—Discretion—Recalling Witnesses—Appeal and Error.**

Permitting a witness to be recalled and testify, though contradictory of his first evidence, is in the discretion of the trial judge, and not reviewable on appeal.

**2. Contracts, Written—Vendor and Purchaser — Fraud—Opinions—Mistake of Law.**

Where a seller of goods has induced a transaction by a false representation, upon which the purchaser has relied, and which formed a material inducement, without which the trade would not have been made, etc., the question as to whether such representation was a mistake of fact or of law, and therefore not a false representation, will not affect the purchaser's right to annul the contract as having been obtained by fraud.

**3. Contracts, Written—Fraud—Parol Evidence.**

Where a written instrument sued on is sought to be invalidated for fraud, illegality, or failure of consideration, parol evidence thereof is admissible, and not objectionable on the ground that it varies or contradicts the writing.

**4. Same—Vendor and Purchaser—False Representations—Bills and Notes—Consideration.**

A seller of fertilizer represented to a purchaser, an illiterate man, that if he would sign a note with another purchaser, it would permit both shipments to be made in the same car and obviate the necessity of his taking two notes, and that it would be the same to him if he "signed one note as if it were two": *Held*, the statement was of the fact that the purchaser would only have to pay for his own fertilizer; and, as to the other fertilizer, there was a failure of consideration, and evidence thereof was competent.

APPEAL by plaintiffs from *Stacy, J.*, at March Term, 1918, of WAKE.

*A. J. Fletcher and R. N. Simms for plaintiffs.*
*Robert W. Winston for defendant.*

CLARK, C. J.   To the issue, "Was the note sued upon in this action procured by fraud on the part of the plaintiff, as alleged in the answer?" the jury responded "Yes." The plaintiffs excepted because, after the defendant had testified he was allowed to go on the stand again the next day and offer testimony which the plaintiffs claim was contradictory. The permission for the witness to be recalled was in the discretion of the court, and not reviewable.

The plaintiffs rest their appeal almost entirely upon the refusal to charge, as requested, "That even if the jury should find as a fact that the plaintiffs misrepresented to the defendant the legal effect of signing the note, this would not defeat the plaintiffs' right to recovery, since the plaintiffs' statement was a mere matter of opinion and could not be a false representation."

In the notes to *Wollam v. Hearn,* 2 White & Tudor Ldg. Cas., Part I, p. 988, it is said: "Whatever doubt may exist in other cases, it is clear that one who induces the execution of an instrument by a false or mistaken statement of its legal effect or operation should not be allowed to take advantage of an error which he has contributed to produce." *Champlin v. Laytin,* 18 Wend., 407.

This is an action upon a note for the balance alleged to be due upon the purchase money of fertilizers, and the allegation in the answer is that one of the plaintiffs, A. B. Hunter, approached the defendant to induce him to buy said fertilizers, and after the defendant had agreed with Hunter for the purchase of fertilizers for himself, "The said Hunter wrongfully and, with the intent to cheat and defraud, falsely and fraudulently pretended and represented to this defendant that if he would agree to have his fertilizers shipped in the car with the fertilizers of the defendant J. S. Brinkley, that it would save his making two shipments and be more convenient to plaintiffs, and it would save his preparing two notes, and this defendant was requested to sign a note for his part of the fertilizers, together with defendant Brinkley, under the belief, fraudulently and falsely induced by the said A. B. Hunter, that the purpose and effect of this defendant's executing a note together with said Brinkley would have the same legal effect; and this defendant, relying explicitly upon said Hunter's representations, which were falsely and fraudulently made, and believing that he would only be liable for and called upon to pay that part of the said note which was represented by the fertilizers bought by him, as aforesaid, consented to sign a note; that as this defendant is informed and believes, the representations made to him and his co-defendant were falsely and fraudulently made, and with the purpose and intent to cheat and defraud this defendant out of his property, and to make him become and be liable for the other debt of

the said Brinkley, all of which was without the defendant's knowledge or consent."

On an allegation that a contract is obtained by fraud, parol evidence is always admissible. Bigelow on Fraud, 174, sec. 8.

It is competent to show·by parol testimony that one who has become joint obligor is in fact only a surety. *Welfare v. Thompson,* 83 N. C., 276. Testimony by the defendant tending to show an additional feature, how the note should be paid, is admissible. *Bank v. Redwine,* 171 N. C., 565; *Typewriter Co. v. Hardware Co.,* 143 N. C., 100; *Evans v. Freeman,* 142 N. C., 61; *Carrington v. Waff,* 112 N. C., 115.

Allegations of fraud, illegality, or want of consideration are exceptions to the general rule that evidence of an alleged oral agreement, contemporaneous with the execution of a note, are not competent to contradict or vary the terms of the written contract. *Carrington v. Waff, supra.* In this case, as Sherron purchased his own fertilizer on his own credit, there was a total failure of consideration as to Brinkley's fertilizer, for Sherron got no part of Brinkley's fertilizer and no benefit therefrom. *Taylor v. Smith,* 116 N. C., 531; *Braswell v. Pope,* 82 N. C.ᐧ 57; *Kerchner v. McRae,* 80 N. C., 219.

The evidence of fraud in this case tended to show that it was perpetrated, not by an agent, but by the principal, and not as to a question of law, but as to a fact. The representation, "It will be the same with you if you sign one note as if there were two," is equivalent to saying that the plaintiffs would not hold Sherron liable on the note, except for his own fertilizer. That the defendant relied upon it was not ignorance of law, but reliance upon a statement of fact by the plaintiff. The jury, having found this to be the fact, properly found that there was fraud in procuring·the execution of the note for the full amount, including Brinkley's part of the fertilizer. *Novelty Co. v. Moore,* 171 N. C., 704.

It was in evidence that defendant Sherron could not read handwriting, and that when he signed one note to save the plaintiff the trouble of signing two notes, that Sherron did this in reliance upon Hunter's statement. It was also in evidence that the plaintiff, Hunter, admitted that Brinkley bought his own fertilizer, and that he had presented a separate bill to each for their respective part of the fertilizer.

This is not the case of a party who can read having a deed put before him for execution, or, if unable to read, not demanding to have it read over and explained to him. In such case· there is negligence, and the party, in the absence of fraud, cannot be heard to deny his own act and deed; but here the testimony is, that Hunter represented to the defendant, who was illiterate, that he could sign the two notes merely as a convenience, and that he would not be responsible, except for his own part of the fertilizer, and that the defendant, relying upon such statement,

signed the note. This was not ignorance of law, but a misrepresentation on the part of Hunter, as the jury find, intended and calculated to deceive the defendant. Besides, as to him, the note as to Brinkley's part of the fertilizer was without consideration.

No error.