MARTHA CAMERON MOYLE v. C. R. HOPKINS AND B. E. HOPKINS, PARTNERS, TRADING AS HOPKINS' BROS.

(Filed 23 September, 1942.)

1. **Evidence § 2—**

The courts will take judicial notice of the character of State Institutions established by public statutes.

2. **Evidence §§ 15, 19—**

The fact that a witness has been an inmate of the Caswell Training School (for the feeble-minded) is a subject of legitimate inquiry on cross-examination.

3. **Evidence § 21—**

The court refused to permit the plaintiff to recall her husband as a witness, after plaintiff had closed her rebuttal testimony, for the purpose of contradicting another witness, who was subpœnaed by both sides and who had been permitted without objection to return to his business, when it appeared that plaintiff's husband had been on the stand after the testimony he was called to contradict had been given. *Held:* In the discretion of the trial judge and, in the absence of abuse, not reviewable on appeal.

APPEAL by plaintiff from *Dixon, Special Judge,* at May Term, 1942, of PASQUOTANK.

MOYLE *v.* HOPKINS.

Civil action to recover for injuries allegedly resulting from actionable negligence.

Upon the trial below the jury answered the issue as to negligence in the negative. From judgment thereon, plaintiff appeals to the Supreme Court and assigns error.

*J. W. Jennette and M. B. Simpson for plaintiff, appellant.*
*J. Henry LeRoy for defendants, appellees.*

WINBORNE, J. Consideration of exceptive assignments *in seriatim* as brought forward in brief for plaintiff, appellant, fails to reveal prejudicial error.

Exceptions 1 and 2 are considered together. It appears that one Louise Simpson, witness for plaintiff, who gave testimony in corroboration of plaintiff's version of how the accident in question occurred, when being recalled for cross-examination, further testified that: "Up until I returned to Elizabeth City last year, I was at the Caswell Training School at Kinston." Then, in answer to question, "I believe the Caswell Training School is a State institution, is it nót?" replied, "Yes, sir." Exception No. 1. Following this, the welfare officer of Pasquotank County, as witness for defendants, testified: "The Caswell Training School is a school for training of mental deficients—children. What we refer to as feeble-minded." Exception No. 2.

Here it may be pertinently noted that the Caswell Training School was created, and its objects defined, by acts of the General Assembly of North Carolina—a fact shown by public statutes, C. S., 5894, and C. S., 5895. Undoubtedly, the fact that the witness had been in the school was the subject of legitimate inquiry on cross-examination. Moreover, it appears in the record on this appeal that the welfare officer, without objection, and in the presence of the jury, testified: "I know and have known Louise Simpson about twenty years. Up until some time last year she resided in the Caswell Training School at Kinston. That is a State institution." Furthermore, as the objects of the school are matters appearing upon public statutes, of which the Court will take judicial notice, *Miller v. Roberts,* 212 N. C., 126, 193 S. E., 286, we fail to find prejudicial error in the admission of evidence in that regard.

Plaintiff's 4th exception is to the refusal of the court to permit her husband to be recalled as witness to testify to statement of Officer Winslow, contradictory to testimony given by him as witness for defendants. In this connection the record shows that upon objection by defendants that "it appearing that this witness had been on the stand twice previously, that plaintiff had finished her rebuttal testimony, and that Officer Winslow, subpœnaed by both sides, had been permitted to return

to his duties at a local shipyard with the knowledge, and with no objection" of either party, the court "refused to permit plaintiff to reopen this phase of the evidence, and sustained the objection."

It further appears from the record that this witness, husband of plaintiff, had gone upon the witness stand after the officer had testified, and thereby had opportunity to testify to matters now in question. The ruling was a matter within the discretion of the trial judge, the exercise of which, in the absence of abuse, is not subject to review on appeal. *McDonald v. McLendon,* 173 N. C., 172, 91 S. E., 1017; *House v. Boyd,* 173 N. C., 701, 91 S. E., 603; *Hunter v. Sherron,* 176 N. C., 226, 97 S. E., 5; *Woodall v. Highway Com.,* 176 N. C., 377, 97 S. E., 226.

Exceptions 5, 6 and 7 are to portions of the charge. With respect to the portion to which Exception 5 relates, it is stated in brief for plaintiff that: "While we cannot find much fault, as an abstract proposition, with the charge excepted to . . . we do insist that under section 564 of the Code it is the duty of the court to state in a plain and correct manner the evidence given in the case and to declare and explain the law arising thereon." Even so, a perusal of the record fails to show any exception to the failure of the court to charge as required by the statute. Only exceptive assignments of error are considered on appeal. *In re Will of Beard,* 202 N. C., 661, 163 S. E., 748; *S. v. Parnell,* 214 N. C., 467, 199 S. E., 601; *S. v. Brown,* 218 N. C., 415, 11 S. E. (2d), 321; *Jones v. Griggs,* 219 N. C., 700, 14 S. E. (2d), 836.

Further, with respect to the portions of the charge covered by Exceptions 6 and 7, no reason nor argument is stated nor authority cited in support thereof. Hence, under Rule 28 of the Rules of Practice in the Supreme Court these exceptions are taken as abandoned by plaintiff. 213 N. C., 808.

In the judgment below, there is

No error.