STATE OF NORTH CAROLINA v. BILLY VAN WILSON

No. 7721SC498

(Filed 16 November 1977)

**1. Criminal Law § 96— withdrawal of evidence—denial of mistrial**

In a prosecution for obtaining money from defendant's employer by false pretense, the trial court did not err in the denial of defendant's motion for mistrial made when a witness testified that the employer's "paper work compared to B. F. Goodrich's paper work" verified his testimony where the trial court allowed defendant's motion to strike the testimony and instructed the jury not to consider it.

**2. False Pretense § 2.1— indictment—obtaining money and property**

An indictment for obtaining money by false pretense was not fatally defective in alleging that defendant obtained money from his employer by false pretense and that defendant obtained a color television and a clothes dryer from a B. F. Goodrich store in exchange for the money.

**3. False Pretense § 3.1— obtaining money from employer—use of money to buy property—no fatal variance**

There was no fatal variance between an indictment alleging that defendant obtained $747.24 from his employer by false pretense and evidence that, pursuant to an agreement between defendant and the manager of a B. F. Goodrich store, defendant's employer was overbilled in the amount of $747.24 for tire tubes not actually received and the employer's overpayment was applied to the purchase price of a television set and clothes dryer obtained by defendant from the store.

**4. Criminal Law § 97.1— jury view of exhibits after deliberations had begun**

The trial court did not abuse its discretion in permitting the jury to view the exhibits after it had commenced its deliberations.

APPEAL by defendant from *Lupton, Judge.* Judgments entered 4 February 1977 in Superior Court, FORSYTH County. Heard in the Court of Appeals 21 October 1977.

Defendant, Billy Van Wilson, was charged in bills of indictment with obtaining money by false pretense and conspiracy to obtain money by false pretense. Defendant entered a plea of not guilty to each charge and the State presented evidence tending to show the following:

In December of 1974 and January of 1975, defendant was employed as the Director of Purchasing for Pilot Freight Carriers, and was authorized to purchase tires for the company trucks. During the same period of time, John Gordon was the

manager of the B. F. Goodrich Store and periodically made sales to Pilot. On or about 1 December 1974, Gordon and the defendant entered into an arrangement pursuant to which Gordon delivered 150 truck tubes to Pilot while billing Pilot for 225 tubes. In remittance of this bill the accountant for Pilot issued checks payable to B. F. Goodrich for the total amount of $2,241.72, the price of 225 tubes. In the meantime, Gordon shipped to defendant for his personal use a color television set and a clothes dryer which had a combined value of $747.24, an amount equal to the value of the 75 tubes which were paid for by Pilot but not received. Gordon's own books contained entries to the effect that 150 truck tubes, a color television set and a clothes dryer had been sold and delivered to Pilot Freight Carriers. Gordon further testified that similar transactions had taken place in the past pursuant to agreements between the defendant and him.

Defendant offered evidence tending to prove that he had never entered into any arrangement with Gordon as described above; that during the period of time in question his television had broken down and Gordon had offered to let him borrow a television from his store while his was being repaired; that he accepted the offer and returned the television as soon as his own set was repaired.

A verdict of guilty was rendered as to each charge and judgments were entered imposing a prison sentence of two years for each conviction. Defendant appealed therefrom.

*Attorney General Edmisten by Assistant Attorney General Roy A. Giles, Jr., for the State.*

*Harold R. Wilson for defendant appellant.*

HEDRICK, Judge.

[1] Defendant first contends that the trial judge erred in denying his motion for "mistrial" based on a statement made by an employee of Pilot (a state witness) that their (Pilot's) "paper work compared to B. F. Goodrich's paper work verified" his testimony. The trial judge allowed the defendant's motion to strike the testimony and instructed the jury not to consider it. Clearly, the trial judge did not abuse his discretion in denying defendant's motion. This assignment of error has no merit.

[2]   Next, defendant assigns as error the denial of his motion for arrest of judgment in Case No. 76CR28781 where the defendant was charged with obtaining money by false pretense. A motion in arrest of judgment challenges the sufficiency of the indictment and the record to support the judgment because of some fatal defect appearing on the face of the record. *State v. Davis*, 282 N.C. 107, 191 S.E. 2d 664 (1972). In the present case defendant argues that the indictment is fatally defective in charging that defendant obtained $747.24 in "good and lawful *money*" and then in a subsequent paragraph alleging that defendant obtained "property." Defendant's contention has no merit. The indictment charges that the defendant obtained $747.24 *from* Pilot Freight Carriers by false pretense, and in substance that the defendant obtained for himself *from* B. F. Goodrich in exchange for the $747.24 a color television set and a clothes dryer. The bill of indictment and the verdict support the judgment and the trial judge correctly denied the motion in arrest thereof.

[3]   Defendant further assigns as error the denial of his motions for judgment as of nonsuit in each case. He argues that there was a fatal variance in the allegations that the defendant obtained money and the evidence that he obtained property, to wit: a color television set and a clothes dryer. The evidence was sufficient to require submission of both cases to the jury and to support the verdicts. The gist of the offense described in G.S. 14-100 is obtaining something of value from the owner thereof by false pretense. It is not legally significant whether the thing gained by the party perpetrating the criminal act is in the same form as it was when taken by false pretense from the owner. Thus, there is no variance in these cases where the bills of indictment charge that the defendant obtained money from Pilot Freight Carriers and the evidence discloses that he received a color television set and a clothes dryer from B. F. Goodrich.

By his fourth assignment of error defendant contends that the bill of indictment wherein the defendant was charged with conspiracy to obtain money by false pretense, Case No. 76CR28779, is fatally defective because the bill alleges that the defendant conspired to obtain money by false pretense without alleging the precise amount of money. This assignment of error is not supported by the exceptions noted in the record. Nevertheless, we have carefully examined the bill of indictment and

hold that it is not defective, and that it supports the verdict and judgment entered. *State v. Davenport*, 227 N.C. 475, 42 S.E. 2d 686 (1947).

Defendant's sixth assignment of error is stated as follows:

"The Trial Court erred in charging the jury erroneously using the term 'property' when referring to money and in referring to what the defendant was charged with in the indictments. As the indictments show on their face, the defendant was charged in one bill of indictment with obtaining $747.27 [sic] in money and in the other bill of indictment was charged with obtaining money."

We have carefully examined each exception upon which this assignment of error is based and find no prejudicial error. As pointed out before, the gist of the offense of which the defendant was charged is obtaining money by false pretense *from* Pilot Freight Carriers. The trial judge fairly and correctly declared and explained the law arising on the evidence in these cases. This assignment of error has no merit.

[4] Finally, the defendant contends that the trial judge erred in allowing the jury to view the exhibits after it had commenced its deliberations. Defendant concedes that the trial judge has broad discretion to reopen a case to allow additional evidence at any stage of the trial before the jury returns with its verdict. *State v. Shutt,* 279 N.C. 689, 185 S.E. 2d 206 (1971); Stansbury, North Carolina Evidence, Brandis Revision, § 24. It is also settled that this discretion extends to allowing a witness to be recalled to contradict his former testimony. *Hunter v. Sherron*, 176 N.C. 226, 97 S.E. 5 (1918). Defendant, without the aid of authority, argues that the judge's discretion to reopen the case should be limited with respect to evidence which had previously been admitted and observed by the jury. We fail to see any significant distinction between new evidence and previously admitted evidence which would compel the curtailment of the judge's discretion to reopen the case for the one and not the other. Furthermore, since the judge had already declared and explained the law arising on the evidence, and since the exhibits viewed by the jury had already been admitted into evidence, there was no necessity for the court to repeat its instructions. Defendant has failed to show any abuse of discretion on the part of the trial judge.

No error.

Judges BRITT and MARTIN concur.