T. M. THOMAS AND WIFE, LAURA, v. COUNTY OF CARTERET, UNITED STATES FIDELITY AND GUARANTY COMPANY, AND W. A. MACE, ADMINISTRATOR OF ALONZO THOMAS.

(Filed 29 September, 1920.)

**Appeal and Error—Issue Set Aside—Fragmentary Appeal—Final Judgment.**

Where, in his discretion, the trial judge has set aside the verdict on a determinative issue of several issues submitted to the jury, and given the several parties lieve to amend the pleadings upon which to try the issuable matters, an appeal from his action is a fragmentary one, and not reviewable until final judgment has been obtained.

CIVIL ACTION, tried before *Connor, J.,* at June Term, 1920, of CARTERET, upon these issues:

"1. In what amount, if any, is Thomas Thomas, trustee of the courthouse bond sinking fund, indebted to Carteret County? Answer: '$13,-236.49, with interest.'

"2. What sum, if any, is Carteret County entitled to recover of the United States Fidelity & Guaranty Company as surety for Thomas Thomas, treasurer of Carteret County? Answer: 'Nothing.'

"3. What sum, if any, is Carteret County entitled to recover of Mace, administrator of Alonzo Thomas, deceased, on the bond of Thomas Thomas, trustee? Answer: '$5,000.'

"4. Were the note and mortgage of T. M. Thomas and wife, Laura, executed to Thomas Thomas and assigned to Carteret County, taken and accepted with the understanding and agreement that the same should

be used only after the other securities held by the county for Thomas Thomas, trustee, has been exhausted, as alleged in the complaint? Answer: 'No.'

"5. What sum, if any, is Carteret County entitled to recover of T. M. Thomas and wife on account of the note for $13,500, secured by mortgage assigned to said county by Thomas Thomas? Answer: ................."

There was motion by plaintiffs to set aside the verdict and for new trial. Motion refused. On plaintiff's motion, the court set aside the verdict on fourth issue.

Defendant Mace, administrator, moves judgment of the court on the verdict. Motion denied. Exception. Judgment tendered by defendant as appears in the record refused; exception. Verdict as to fourth issue set aside; defendant excepts, and again moves for judgment on the verdict; denied; exception.

Defendant, United States Fidelity & Guaranty Company, moves judgment on the verdict; denied; exception; judgment tendered; refused; exception.

Both named defendants appeal from refusal of judgment on verdict. Notice of appeal in open court. Appeal bond fixed at $50.

Whereupon the following order was entered by the court:

ORDER (at June Term, 1920).

This cause coming on to be heard upon the verdict rendered by the jury, the plaintiffs move his Honor to set aside the verdict for errors to be assigned. Motion is denied, and plaintiffs except.

The plaintiffs move that the verdict be set aside on the fourth issue. The motion is allowed, and the verdict is set aside as to the fourth issue in the discretion of the court.

This cause is continued to the end that such further issues may be tried as may be necessary to determine the rights of the parties, with leave to the plaintiffs to file within thirty days any reply and further pleadings as they may deem necessary, and to the defendants to file such further pleadings as they may desire within 60 days thereafter. Defendants Mace, administrator, and United States Fidelity & Guaranty Company excepted to said order, and again move for judgment on the verdict; motion denied; defendants appeal.

*Ward & Ward and H. S. Ward for plaintiffs.*

*C. L. Abernethy and M. Leslie Davis for Carteret County and Davis, Treasurer.*

*Julius F. Duncan for Mace, administrator.*

*J. L. Randleman, D. L. Ward, and J. F. Duncan for United States Fidelity & Guaranty Company.*

CRITCHER *v.* BALLARD.

BROWN, J. We are of opinion that this appeal is premature, and under the rules of the Court it must be dismissed *ex mero motu.* It is well settled by numerous decisions that this Court will not entertain premature or fragmentary appeals. *Cameron v. Bennett,* 110 N. C., 77; *Milling Co. v. Finley,* 110 N. C., 412. In the last case it was held that an appeal only lies from a judgment. *Taylor v. Bostic,* 93 N. C., 415. No judgment of any kind appears in the record. Of course there are cases in which an appeal will lie from a refusal to sign judgment upon issues that have been found by the jury, but this is not one of them. His Honor in his discretion set aside the verdict on the fourth issue, and continued the case to the end that such further issues may be tried as may be necessary to determine the rights of the parties. The court granted leave to plaintiff and defendants to file further pleadings. There was a motion made by the plaintiff to set aside the verdict on all issues, which motion was refused, and the plaintiff excepted. It may be that the plaintiff desires to appeal from the rulings of the judge upon the trial of the issues which have not been set aside. They cannot do so until a final judgment is rendered. The cause must be remanded to the end that the order made by his Honor be carried out, and a final judgment rendered. The costs of this Court will be paid by the appellants Mace, administrator, and the United States Fidelity & Guaranty Company.

Dismissed and remanded.