### CHARLES STRAYHORN v. THE FIDELITY BANK ET AL.

#### (Filed 26 October, 1932.)

**Appeal and Error J g—Assignments of error on trial are not presented for review where court has set aside verdict in his discretion.**

The trial court has the power at any time during the term to set aside the verdict and grant a new trial in the exercise of his sound legal discretion, and no appeal will lie therefrom, C. S., 591, and where the court has so set aside a verdict in defendant's favor and the defendant

appeals, the defendant's assignments of error in the admission of evidence and the refusal of his motion as of nonsuit are not properly presented for review, and the appeal will be dismissed.

APPEAL by defendant bank from *Barnhill, J.,* at May Term, 1932, of DURHAM.

Civil action to recover value of collateral sold and proceeds used to pay the note with which it was hypothecated, and part of residue applied on a different obligation.

There was a verdict for the defendant upon which judgment was tendered. His Honor set the verdict aside in his discretion and ordered a new trial. Defendant appeals, assigning error in the admission of evidence and failure to nonsuit.

*R. O. Everett for plaintiff.*
*Fuller, Reade & Fuller for defendant bank.*

STACY, C. J. The questions sought to be presented are not properly before us. *Thomas v. Carteret,* 180 N. C., 109, 104 S. E., 75.

So long as the matter was *in fieri,* the keeping of the verdict resided in the breast of the judge, and he was at liberty, at any time during the term, in the exercise of a sound discretion, to set it aside and to award a new trial, from which ruling no appeal lies. C. S., 591; *Goodman v. Goodman,* 201 N. C., 794, 161 S. E., 688; *Welch v. Hardware House,* 202 N. C., 642, 163 S. E., 801; *Smith v. Matthews, ante,* 218; *Bank v. Sanders, post, . ........* (Per curiam case.)

Appeal dismissed.