THOMAS H. HAWLEY v. LEGH. R. POWELL, JR., ET AL.

(Filed 17 March, 1943.)

**1. Trial § 49: Appeal and Error § 37b—**

The discretionary action of the trial court in setting aside the verdict on the issue of damages because excessive or contrary to the weight of the evidence is not appealable in the absence of a denial of some legal right. It is likewise a matter of discretion as to whether the verdict shall be set aside in whole or in part.

**2. Same—**

Where, on motion to set aside a verdict on the first issue as contrary to the weight of the evidence and as to the second issue for excessive award of damages, and the motion is overruled as to the first issue and allowed as to the second issue, an appeal is premature, for defendants have preserved their exceptions to the trial on the first issue and these may be presented upon appeal from the final judgment.

APPEAL by defendants from *Grady, Emergency Judge,* at October Term, 1942, of HARNETT.

Civil action to recover damages for false arrest and wrongful ejection of plaintiff from one of defendants' passenger trains.

Upon denial of liability and issues joined, the jury returned the following verdict:

"1. Did the defendant wrongfully and unlawfully cause the plaintiff to be arrested and ejected from its train in Sanford, N. C., as alleged in the complaint? Answer: 'Yes.'

"2. If so, what damages, if anything, is the plaintiff entitled to recover of the defendant? Answer: '$2,000.00.' "

Motion by defendants to set aside the verdict as contrary to the weight of the evidence and for excessive award of damages. Motion overruled as to first issue; allowed as to second issue, and new trial ordered on the issue of damages. Exception and appeal by defendants, assigning error in the failure to nonsuit, insufficiency of the first issue, refusal to charge as requested and in the charge as given.

*Neill McK. Salmon and D. C. Wilson for plaintiff, appellee.*
*Murray Allen for defendants, appellants.*

STACY, C. J. The discretionary action of the trial court in setting aside the verdict on the issue of damages because excessive or contrary to the weight of the evidence is not appealable in the absence of a denial of some legal right. C. S., 591; *Anderson v. Holland,* 209 N. C., 746,

184 S. E., 511; *Bailey v. Dibbrell Mineral Co.,* 183 N. C., 525, 112 S. E., 29; *Goodman v. Goodman,* 201 N. C., 808, 161 S. E., 686. It was likewise a matter of discretion as to whether the verdict should be set aside in whole or in part. *Geer v. Reams,* 88 N. C., 197.

The defendants have preserved their exceptions to the trial on the first issue, and these may be presented on appeal from the final judgment, if, indeed, an appeal is taken therefrom. *Thomas v. Carteret,* 180 N. C., 109, 104 S. E., 75. No judgment has yet been entered in the cause. Hence, the present appeal is premature, and must be dismissed. *Strayhorn v. Bank,* 203 N. C., 383, 166 S. E., 312.

Appeal dismissed.