L. A. MUSE, GUS MUSE, DAVE MUSE, MAMIE MUSE YOUNG, JESS MUSE, CECIL MUSE, RUSS MUSE, SHIRLEY MUSE BRYSON, RAY ROBINSON, BERTHA ROBINSON SMATHERS AND RHETTA ROBINSON RHYMER, v. ELVA MUSE, GLADYS MUSE HALL, AND JOHN MUSE.

(Filed 26 September, 1951.)

**1. Trial § 49—**

The setting aside of the verdict on one issue because contrary to the weight of the evidence, and the granting of a new trial limited to that issue in instances in which the issues may be separated, is within the sound discretion of the trial judge, G.S. 1-207, no matter of law or legal inference being involved.

**2. Appeal and Error § 2—**

Where the trial court grants a new trial limited to a single issue upon which he set the verdict aside as being contrary to the weight of the evidence, and orders that final judgment should await the result of the partial new trial, appeal from this order is premature and will be dismissed.

VALENTINE, J., took no part in the consideration or decision of this case.

APPEAL by plaintiffs from *Rudisill, J.,* at June Term, 1951, of BUNCOMBE.

Civil action by heirs of grantors to cancel deeds to realty on ground of mental incapacity, fraud and undue influence.

The jury returned the following verdict upon the issues joined on the pleadings:

1. Did the grantor, K. M. Muse, have the mental capacity to execute the three deeds in controversy on 22 April, 1940? Answer: "Yes."

2. Did the grantor, Mrs. M. A. Muse, have the mental capacity to execute the three deeds in controversy on 22 April, 1940? Answer: "Yes."

3. Were the three paper writings in controversy procured by fraud and undue influence of the defendants, or either of them? Answer: "Yes."

The defendants moved "the court to set aside the verdict of the jury on the third issue, and to affirm the verdict of the jury on the first and second issues." The trial judge sustained the motion in the exercise of his discretion because he deemed the answer of the jury to the third issue contrary to the weight of the evidence. After finding "as a fact that the matters and things involved in issues one and two and the matters and things involved in the third issue can be separated without any injury to the parties," he entered an order allowing the verdict to stand as to the first and second issues, setting aside the verdict as to the third issue, and granting a partial new trial limited to the third issue. The order

provided that the entry of a final judgment should await the result of the partial new trial. The plaintiffs appealed, assigning the rendition of the order as error.

*Cecil C. Jackson for plaintiffs, appellants.*
*Don C. Young for defendants, appellees.*

ERVIN, J. When no matter of law or legal inference is involved, the granting or refusing a new trial upon all or any one of the issues rests in the sound discretion of the trial judge. G.S. 1-207; *Hawley v. Powell,* 222 N.C. 713, 24 S.E. 2d 523; *Campbell v. Laundry,* 190 N.C. 649, 130 S.E. 638; *Billings v. Observer,* 150 N.C. 540, 64 S.E. 435; *Jarrett v. Trunk Co.,* 144 N.C. 299, 56 S.E. 937; *Benton v. Collins,* 125 N.C. 83, 34 S.E. 242, 47 L.R.A. 33; McIntosh on North Carolina Practice and Procedure in Civil Cases, section 611. The record does not indicate that the judge abused his discretion in setting aside the verdict on the third issue and in awarding a partial new trial limited to that issue. Indeed, it supports the contrary conclusion. Inasmuch as no judgment has been entered in the cause, the present appeal is premature, and must be dismissed. *Hawley v. Powell, supra.*

Appeal dismissed.

VALENTINE, J., took no part in the consideration or decision of this case.