GEORGE PONIROS AND CARRIE PONIROS v. NELLO L. TEER COMPANY.

(Filed 22 August, 1952.)

**1. Trial § 49—**

A motion to set aside the verdict as being contrary to the weight of the evidence is addressed to the sound discretion of the presiding judge, and the court's denial of the motion will not be disturbed on appeal in the absence of a showing of abuse. G.S. 1-207.

**2. Appeal and Error § 39b—**

Ordinarily error relating to an issue not reached by the jury is harmless.

**3. Appeal and Error § 6c (5)—**

An exception to the charge on the ground that it "did not give the contentions of the plaintiffs with equal dignity with those of defendant" as required by G.S. 1-180 *held* ineffectual as a broadside exception in that it fails to point out any particular contention or series of contentions given or omitted by the court as the basis for the exception. Rule of Practice in the Supreme Court 19 (3).

APPEAL by plaintiffs from *Williams, J.,* and a jury, October Term, 1951, of ORANGE.

Civil action to recover damages for injury to real property, due to the alleged negligence of the defendant contractor while conducting blasting operations in connection with a highway construction project near plaintiffs' property.

The plaintiffs own certain real estate located on State Highway No. 70 in Orange County. The defendant company, under contract with the N. C. State Highway and Public Works Commission, changed the grade and widened the roadway near the plaintiffs' property, and in doing so used dynamite in blasting operations.

It is alleged by the plaintiffs, and evidence was offered tending to show, that in one of these blasting operations rocks were blown upon, against and through the buildings and improvements of the plaintiffs, thereby causing substantial damage. The plaintiffs also complain that two wells which had furnished adequate water for their domestic use and also for their needs in operating a filling station were adversely affected and damaged by reason of the nearby blasting, which they contend was done in a negligent manner.

The defendant, denying all allegations of negligence, alleges, and at the trial offered evidence tending to show, that the plaintiffs were damaged by only one blast—the one which threw rocks upon and against some of plaintiffs' buildings, and as to this, that the blast exploded in an unusual and unforeseen manner, with the defendant being free of negligence in respect thereto. But that even so, the defendant sent a crew of workmen to the premises and repaired all damage done.

Upon these conflicting allegations, and the evidence *pro* and *con* offered by the parties, the trial court submitted the case to the jury on these issues, and the jury responded as indicated:

"1. Was the property of the plaintiffs damaged by the negligence of the defendant as alleged in the complaint? Answer: No.

"2. What amount in damages, if any, are the plaintiffs entitled to recover of the defendant? Answer: .............."

From judgment on the verdict, decreeing that plaintiffs take nothing by their action, they appeal, assigning errors.

*C. S. Hammond and L. J. Phipps for plaintiffs, appellants.*

*Fuller, Reade, Umstead & Fuller and W. P. Farthing for defendant, appellee.*

JOHNSON, J. The plaintiffs' first group of exceptive assignments of error relate to the refusal of the trial court to allow their motions to set aside the verdict and grant a new trial upon the ground that the verdict is contrary to the greater weight of the evidence.

These motions were directed to the sound discretion of the presiding judge, whose rulings, in the absence of abuse of discretion, are not reviewable on appeal. No abuse of discretion is shown. G.S. 1-207; *Goodman v. Goodman,* 201 N.C. 808, 161 S.E. 686; *Ziglar v. Ziglar,* 226 N.C. 102, 36 S.E. 2d 657; *Muse v. Muse,* 234 N.C. 205, 66 S.E. 2d 689. It follows, then, that these exceptions are without merit.

The only remaining exceptive assignment brought forward relates to the charge of the court on the issue of damages. Here it is urged by the plaintiffs that the trial court "did not give the contentions of the plaintiffs with equal dignity with those of the defendant," as required by G.S. 1-180 as rewritten by Chapter 107, Session Laws of 1949. Since the issue of negligence was answered in favor of the defendant, the jury did not reach the issue of damages. And ordinarily the rule is that error committed in charging on an issue not reached by the jury is treated as harmless. *Bruce v. Flying Service,* 234 N.C. 79, bot. p. 86, 66 S.E. 2d 312. Besides, the exception is in general terms and does not specify or direct the attention of the Court to any particular contention or series of contentions given or omitted by the presiding judge as the basis of the error or errors assigned. Thus the exception is broadside. Rule 19 (3), Rules of Practice in the Supreme Court, 221 N.C. p. 553 *et seq.; Albritton v. Albritton,* 210 N.C. 111, 185 S.E. 762; *Rawls v. Lupton,* 193 N.C. 428, 137 S.E. 175.

Prejudicial error has not been made to appear. The verdict and judgment will be upheld.

No error.