L. A. MUSE and GUS MUSE v. ELVA MUSE, GLADYS MUSE HALL, and JOHN MUSE.

(Filed 17 September, 1952.)

**1. Appeal and Error § 39c—**

Where it appears from the entire record that plaintiffs failed to offer competent evidence sufficient to make out their cause of action, the court's instruction to the jury to answer the issue in favor of defendants may not be held for error and the rulings of the court in the progress of the trial cannot be held prejudicial on plaintiffs' appeal.

**2. Limitation of Actions § 5b—**

Where it is established that the person under whom plaintiffs claim was mentally competent and had knowledge for more than three years prior to her death of the facts constituting the basis of the cause of action to set aside a deed to the property for fraud and undue influence, plaintiffs' claim is barred. G.S. 1-52 (9).

**3. Limitation of Actions § 16—**

The burden is upon plaintiffs to show that their action was brought within the time allowed by law.

**4. Deeds § 6—**

The time of the execution of a deed of gift and not its date is determinative of whether it was registered within two years. G.S. 47-26.

APPEAL by plaintiffs from *Bobbitt, J.,* February Term, 1952, of BUNCOMBE. No error.

This was a suit to set aside three deeds executed by K. M. Muse and his wife, M. A. Muse, to the defendants. The plaintiffs are two of the children and heirs of the grantors who are now deceased. The grounds of attack were want of sufficient mental capacity of the grantors to execute the deeds, and also on the ground that the deeds were procured by undue influence on the part of the defendants.

The case was first heard before Judge Rudisill and a jury at June Term, 1951, of Buncombe Superior Court. The jury at that trial for their verdict found on the first two issues that the grantors had mental capacity, and on the third issue found the deeds were procured by undue influence. Judge Rudisill in his discretion set aside the verdict on the third issue and granted a new trial on that issue.

MUSE v. MUSE.

At February Term, 1952, the case came on to be heard before Judge Bobbitt and a jury on the issue of fraud and undue influence, and also on an issue submitted as to whether plaintiffs' cause of action was barred by the three-years' statute of limitations.

After hearing the evidence the court was of opinion that there was no competent evidence to support the plaintiffs' allegations of fraud and undue influence on the part of defendants (who were children of the grantors) in procuring the deeds, and directed the jury to answer that issue "No." The court was also of opinion that since K. M. Muse died in 1941 and title passed by survivorship to his wife, M. A. Muse, if fraud and undue influence had been practiced, she had knowledge of all the facts, and that whatever cause of action she may have had at the time of her death in 1949 was barred by the three-years' statute of limitations, and the court instructed the jury to answer that issue in favor of defendants.

On the verdict returned at June Term, 1951, on the first two issues, and the verdict at February Term, 1952, judgment was rendered in favor of defendants. The plaintiffs excepted and appealed.

*Cecil C. Jackson for plaintiffs, appellants.*
*Don C. Young for defendants, appellees.*

DEVIN, C. J. The plaintiffs appealed at once from the order of Judge Rudisill setting aside the verdict on the third issue at June Term, 1951, allowing the verdict to stand as to the first two issues, and granting a partial new trial on the issue of undue influence. This was heard at Fall Term, 1951, and the appeal dismissed, this Court holding that these were matters within the discretion of the presiding judge. *Muse v. Muse,* 234 N.C. 205, 66 S.E. 2d 689.

The plaintiffs now bring forward their exceptions noted in the first trial to the charge of Judge Rudisill on the first two issues. However, upon examination of the portions of the charge excepted to we discover no substantial error, and hence the verdict of the jury must be taken to have established the fact that the grantors in the deeds had sufficient mental capacity to execute the deeds in question.

On the trial before Judge Bobbitt at February Term, 1952, the plaintiffs noted numerous exceptions to the rulings of the court in the admission of evidence, and to his action in giving the jury peremptory instructions to answer the third and fourth issues in favor of the defendants. While some of the rulings of the court standing alone would not be approved, an examination of the entire record leaves us with the conviction that Judge Bobbitt was right in holding that there was no competent evidence to support the allegations of fraud and undue influence on the part

of the defendants, and that his instruction to the jury to that effect may not be held for error. *In re Craven's Will,* 169 N.C. 561 (569), 86 S.E. 587; *In re Will of Turnage,* 208 N.C. 130, 179 S.E. 332; *Lee v. Ledbetter,* 229 N.C. 330, 49 S.E. 2d 634; *In re Will of Kemp,* 234 N.C. 495, 67 S.E. 2d 672. Likewise, on all the evidence we think the court correctly held, and so instructed the jury, that whatever cause of action M. A. Muse may have had was barred by the three-years' statute of limitations. Title, if any, vested in her in 1941. She was found to be mentally competent at that time, and she had knowledge of the facts now asserted by the plaintiffs. She died in 1949. G.S. 1-52 (9); *Peacock v. Barnes,* 142 N.C. 215, 55 S.E. 99; *Blankenship v. English,* 222 N.C. 91, 21 S.E. 2d 891; *Vail v. Vail,* 233 N.C. 109 (116), 63 S.E. 2d 202. The burden was on the plaintiffs to show this action was brought within the time allowed by law.

Plaintiffs contend that the deeds to the defendants being deeds of gift became void under G.S. 47-26 for failure to have them registered within two years from "the making thereof." But this position is untenable as the evidence shows the deeds were signed and acknowledged 22 April, 1940, and registered 4 April, 1941. Though apparently bearing date in 1937, the time of "making" the deed, as the word is used in the' statute, means date of execution. "The execution of a deed is not complete until the instrument is signed, sealed and delivered." *Turlington v. Neighbors,* 222 N.C. 694, 24 S.E. 2d 648.

Without undertaking to discuss *seriatim* all the exceptions noted by plaintiffs, we reach the conclusion that upon the whole case as shown by the record no substantial error has been made to appear and that the result reached below should not be disturbed.

No error.