MRS. GERTRUDE S. WHITE v. WILLIAM B. KELLER AND HARRY VANDER LINDEN.

(Filed 13 April, 1955.)

**1. Trial § 49—**

The trial court has the discretionary power to set aside the verdict as being against the weight of the evidence, and such action by the trial court is not reviewable in the absence of abuse of discretion.

**2. Appeal and Error § 2—**

Where the trial court sets aside the verdict in favor of defendant on the ground that the verdict is contrary to the weight of the evidence, defendant may not appeal from the action of the trial court in denying the defend-

ant's motion for judgment as of nonsuit, since there is neither verdict nor judgment as the basis upon which the appeal on this ground can rest.

**3. Torts § 6—**

A defendant sued in tort is given the right by statute to bring into the action another joint tort-feasor for the purpose of determining his contingent liability for contribution so that all matters in controversy growing out of the same subject of action may be settled in one action, even though the plaintiff may thus be delayed in securing his remedy, G.S. 1-240.

**4. Same—**

Those who are joint tort-feasors for the purpose of contribution within the purview of G.S. 1-240 are those who act together in committing the wrong, or whose acts, if independent of each other, unite in causing a single injury.

**5. Same—**

The right to join additional parties for the purpose of contribution under G.S. 1-240 may not be used for the purpose of injecting into the litigation another action not germane to plaintiff's action.

**6. Same—Cross action held insufficient to state facts entitling one defendant to joinder of additional defendant for contribution.**

Defendant in his cross action for contribution alleged that his co-defendant parked his car so close to the highway that its rear projected into the highway about two feet, that defendant was driving a jeep which was pulling a hay baler eight feet wide, that the hay baler struck the co-defendant's car, then struck the side of a bridge abutment, causing the jeep to be deflected or "jackknifed" in front of plaintiff's automobile, causing the injury in suit. *Held:* Either the hay baler struck the co-defendant's car as a result of the defendant's negligence in miscalculating the distance, there being ample unobstructed highway for defendant to have passed the parked car in safety, or the hay baler struck the bridge abutment through the negligence of the defendant in driving too close to the abutment, so that in either event the negligence of the co-defendant in parking his car too close to the highway was not a proximate contributing cause of plaintiff's injury, and the co-defendant's demurrer to the cross action was properly allowed.

BARNHILL, C. J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Rudisill, J.,* January Term 1955 of CATAWBA.

Civil action to recover damages for injury to person and property resulting from collision of motor vehicles alleged to have been caused by the negligence of defendant Keller.

The material facts upon which rest the questions of law presented by the appeal are these:

On the 3rd day of June 1954, about 3:00 p.m., the plaintiff White was driving her automobile south across the highway bridge over the Catawba River north of Hickory. Near the south end of the bridge her

automobile came in collision with a jeep being driven north by defendant Keller. Attached to the rear of the jeep, as a trailer, was a hay baler eight feet wide. As result of the collision plaintiff suffered injury to her person and property and instituted this action to recover damages therefor from defendant Keller, alleging negligence in the operation of the jeep.

The defendant Keller denied negligence on his part, but further alleged that if he were in any respect negligent, the injury complained of was proximately caused or contributed to by the negligence of Harry Vander Linden, in that Vander Linden had parked his automobile on the east side of the highway a short distance (24 feet) from the south abutment of the bridge and so close to the highway that the rear of his automobile projected into the highway about two feet in which position it was struck by the hay baler, and it was alleged that this caused the jeep to go out of control and to collide with plaintiff's automobile. On defendant Keller's motion, Vander Linden was made party defendant for the purpose of determining his contingent liability for contribution as joint tort-feasor.

At the close of all the evidence the court entered judgment of nonsuit as to Vander Linden. On issues submitted in plaintiff White's action against Keller the jury returned verdict in favor of Keller, and the court in its discretion set the verdict aside as being against the weight of the evidence.

Defendant Keller excepted to these rulings of the court and appealed.

*Willis & Geitner for plaintiff, appellee.*
*L. H. Wall and Claude F. Seila for defendant, appellant.*
*Townsend & Todd for defendant, appellee.*

DEVIN, J. By this appeal the defendant Keller seeks to review the ruling of the trial judge in denying his motion for judgment of nonsuit as to plaintiff White's action, and in setting aside the verdict as contrary to the weight of the evidence. As the verdict was set aside by the judge in the exercise of his discretionary power, his action may not be reviewed, in the absence of any suggestion of abuse of discretion. *Anderson v. Holland,* 209 N.C. 746, 184 S.E. 511; *Hawley v. Powell,* 222 N.C. 713, 24 S.E. 2d 523; *Poniros v. Teer Co.,* 236 N.C. 145, 72 S.E. 2d 9.

Nor will an appeal lie at this time from the ruling of the judge denying defendant's motion for judgment of nonsuit. Since there is neither verdict nor judgment, there is no basis upon which his appeal on this ground can rest. As result of the action of Judge Rudisill, the case is still on the docket of Catawba Superior Court for trial on the issues raised by the pleadings as between White and Keller.

The defendant Keller also assigns as error the action of the trial judge in allowing defendant Vander Linden's motion for judgment of nonsuit as to Keller's cross complaint for contribution under the statute, G.S. 1-240.

It seems the judge inadvertently nonsuited the plaintiff White as to Vander Linden, but the plaintiff has sought no recovery as to him. She offered neither allegation nor evidence tending to impose on him any liability for her injury. *Pascal v. Transit Co.,* 229 N.C. 435, 50 S.E. 2d 534. But the judge entered judgment of nonsuit as to defendant Keller's cross complaint against Vander Linden for contribution. Whether this be regarded as a nonsuit (G.S. 1-183) or more accurately a demurrer to the evidence, it was adjudged by the court, upon consideration of all the testimony adduced, that the evidence was insufficient to make out a case for contribution as joint tort-feasor as against Vander Linden, and he was accordingly dismissed from the case *sine die.*

It was said in *Evans v. Johnson,* 225 N.C. 238, 34 S.E. 2d 73:

"The right of a defendant sued in tort to bring into the action another joint tort-feasor and upon sufficient plea to maintain his cross action against him for the purpose of determining his contingent liability for contribution is given by statute, G.S. 1-240, and upheld by numerous decisions of this Court. *Wilson v. Massagee,* 224 N.C. 705; *Godfrey v. Power Co.,* 223 N.C. 647. The purpose of the statute is to permit defendants in tort actions to litigate mutual contingent liabilities before they have accrued, *Lackey v. R. R.,* 219 N.C. 195, 13 S.E. 2d 234, so that all matters in controversy growing out of the same subject of action may be settled in one action, *Freeman v. Thompson,* 216 N.C. 484, 5 S.E. 2d 434, though the plaintiff in the action may be thus delayed in securing his remedy. *Montgomery v. Blades,* 217 N.C. 654, 9 S.E. 2d 397. Joint tort-feasors are those who act together in committing a wrong, or whose acts, if independent of each other, unite in causing a single injury. *Bost v. Metcalfe,* 219 N.C. 607, 14 S.E. 2d 648. The right thus conferred by the statute is 'rooted in and springs from the plaintiff's suit, but projects itself beyond that suit.' *Godfrey v. Power Co., supra.*"

The question of the sufficiency of the cross complaint of a defendant to make out a case for contribution against an alleged joint tort-feasor was considered by this court on appeal from the ruling of the court below sustaining a demurrer in *Hobbs v. Goodman,* 240 N.C. 192, 81 S.E. 2d 413, as was also done in *Evans v. Johnson, supra.* In *Bass v. Ingold,* 232 N.C. 295, 60 S.E. 2d 114, the demurrer of the alleged joint tort-feasor was overruled by the trial court but sustained on appeal. In *Read v. Roofing Co.,* 234 N.C. 273, 66 S.E. 2d 821, the cross com-

plaint of the original defendant against an alleged joint tort-feasor for contribution was challenged by demurrer and on appeal the ruling of the trial court was affirmed. The sufficiency of the cross complaint for contribution among defendants in tort was also considered on appeal in *Canestrino v. Powell*, 231 N.C. 190, 56 S.E. 2d 566. The sufficiency of the evidence offered in support of a cross action for contribution was considered on demurrer to the evidence in *Pascal v. Transit Co., supra.* It was there held that the motion of the alleged joint tort-feasor for judgment as of nonsuit on the cross action was properly denied.

The cross action for contribution between defendants charged with tort, permitted by G.S. 1-240, may not be used, however, to interject into the litigation another action not germane to the plaintiff's action. *Montgomery v. Blades*, 217 N.C. 654, 9 S.E. 2d 397. It was said in *Hobbs v. Goodman, supra:* "Defendants are not permitted to litigate in plaintiff's action differences which are not directly related thereto . . . The purpose of the Act, G.S. 1-240, is to permit a defendant who has been sued in tort to bring into the action, for the purpose of enforcing contribution, a joint tort-feasor whom the plaintiff could have joined as party defendant in the first instance. *Wilson v. Massagee*, 224 N.C. 705, 32 S.E. 2d 335."

However, upon consideration of the evidence offered in the case at bar as shown by the record, we reach the conclusion that the ruling of the trial judge in holding this evidence insufficient to make out a case for contribution by Vander Linden should be sustained.

It appears that defendant Vander Linden's automobile was parked diagonally near the highway, 24 feet south from the south abutment of the bridge, and that the rear of his automobile (left rear fender) extended out two feet into the paved road which was at that point seventeen feet wide. It was midafternoon on a clear day. No other traffic was moving in the vicinity save the automobile of plaintiff some distance away moving south along the bridge. The hay baler attached to Keller's jeep was eight feet wide, considerably wider than the jeep. In passing the automobile Keller apparently miscalculated the distance or was oblivious of the extra width of the hay baler. In any event, the hay baler came in contact with the automobile and then struck the side of the bridge abutment. This caused the jeep to be deflected, or "jack-knifed," in front of plaintiff's automobile.

So that whether the contact of the hay baler with the rear of the Vander Linden automobile should have been foreseen and avoided—fifteen feet of the roadway was unobstructed—or whether Keller, in meeting plaintiff's oncoming automobile, negligently drove the jeep so close to the abutment of the bridge that the hay baler was caused to strike it,

resulting in the collision complained of, we think the evidence is insufficient to show that any negligence on Vander Linden's part proximately caused or contributed to plaintiff's injury.

We reach the conclusion that the rulings of the court below should be sustained.

Affirmed.

BARNHILL, C. J., took no part in the consideration or decision of this case.