WATSON E. BYRD AND PAULINE G. BYRD, TRADING AS TOWN 'N COUNTRY CLEANERS, v. JAMES DEWEY HAMPTON AND FEDERAL INSURANCE COMPANY.

(Filed 29 February, 1956.)

**Appeal and Error § 40b—**

　　Where the trial court sets aside the verdict in the exercise of its discretion, there is no final judgment from which an appeal will lie, and all interlocutory rulings, including those relating to the sufficiency of the evidence, must be set aside without prejudice and a *venire de novo* ordered.

APPEAL by defendant Hampton from *Nettles, J.,* September Term, 1955, BUNCOMBE.

STATE *v.* KOONE.

Civil action to recover damages resulting from the collision of plaintiff's jeep station wagon and defendant's automobile in which the defendant pleaded a cross action or counterclaim.

At the conclusion of the evidence, plaintiff moved for judgment of nonsuit on defendant Hampton's cross action. The motion was allowed, but no judgment of nonsuit of said cross action was entered. Likewise, defendant insurance company moved for judgment of nonsuit as to it. Said motion was allowed, but the ruling was not reduced to judgment. Proper issues were submitted to the jury, and the issues of negligence and of contributory negligence were both answered in the affirmative. The court promptly, in the exercise of its discretion, set the verdict of the jury aside and ordered a new trial. The defendant excepted and appealed.

*Cogburn & Cogburn for plaintiff appellees.*
*Williams & Williams for defendant Hampton.*
*Meekins, Packer & Roberts for defendant Insurance Company.*

PER CURIAM. There were, as stated, a number of interlocutory rulings made during the progress of the trial. However, no final judgment was entered from which an appeal could be prosecuted, and the court, in the exercise of its discretion, set the verdict aside. *Roberts v. Hill,* 240 N.C. 373, 82 S.E. 2d 373. Hence the record as it now appears before us contains no final judgment from which appeal will lie. In view of this condition of the record, it is necessary to vacate, without prejudice, all interlocutory rulings made during the progress of the trial, and to remand the cause for a trial *de novo* as to all parties and as to all questions raised by the pleadings. It is so ordered.

*Venire de novo.*