JIMMY LEWIS ATKINS v. WILLIAM ALLEN DOUB
AND
MERLIN GROVER ATKINS v. WILLIAM ALLEN DOUB.

(Filed 11 December 1963.)

**1. Appeal and Error § 46—**

The act of the trial court in setting the verdict aside in the exercise of its discretion is not reviewable in the absence of a showing of abuse of discretion.

**2. Appeal and Error § 3—**

Where the verdict is set aside in the court's discretion, there is no judgment from which an appeal may be taken, and on appeal from the action of the court setting the judgment aside appellant cannot present his contentions of error in denying his motion for judgment as of nonsuit.

**3. Same—**

Where notice of appeal is given solely from the refusal of the clerk to sign the judgment tendered after the verdict had been set aside by the trial judge, the appeal must be dismissed, since no appeal lies from the clerk of the Superior Court to the Supreme Court.

APPEAL by defendant from *Shaw, J.,* 25 March Civil Session 1963, of SURRY.

These actions were instituted against the defendant by James Lewis Atkins and Merlin Grover Atkins, respectively, to recover for personal injuries allegedly sustained in a motor vehicle collision resulting from the negligence of the defendant.

The defendant denied the material allegations of the complaint and set up a cross-action or counterclaim in each case. The cases were consolidated for trial by consent.

Of the seven issues submitted to the jury, three of them were answered as follows:

"1. Was the plaintiff, Merlin Grover Atkins, injured by the negligence of the defendant, as alleged in the complaint? Answer: No.

"2. Was the plaintiff, Jimmy Lewis Atkins, injured by the negligence of the defendant, as alleged in the complaint? Answer: No.

"3. Did the plaintiffs, by their own negligence, contribute to their injuries and damages, as alleged in the respective answers? Answer: Yes."

The remaining issues as to damages, as well as the issues relating to the defendant's cross-actions or counterclaims, were not answered.

The trial judge held that the verdict as rendered by the jury was incomplete, and set the verdict aside, in his discretion, on 27 March 1963.

Thereafter, on 1 April 1963, the defendant tendered judgment to the Clerk of the Superior Court based on the issues as answered by the jury. The Clerk refused to sign the tendered judgment on the ground that the verdict had been set aside by the trial judge.

It appears from the record that the only notice of appeal given below was from the refusal of the Clerk of the Superior Court to sign the tendered judgment.

The defendant purports to appeal to this Court, assigning error.

*Allen, Henderson & Williams; Hiatt & Hiatt for plaintiff appellees.*
*Deal, Hutchins & Minor for defendant appellant.*

PER CURIAM.  When a trial judge, in the exercise of his discretion, sets aside a verdict, his action may not be reviewed in the absence of any suggestion of an abuse of discretion. *White v. Keller*, 242 N.C. 97, 86 S.E. 2d 795. There is no suggestion of an abuse of discretion in connection with the action of the trial judge in the court below.

The appellant contends the court below committed error in refusing to sustain his motion for judgment as of nonsuit at the close of all the evidence. However, an appeal will not lie at this time from the ruling of the judge denying the defendant's motion for judgment as of nonsuit. There being neither verdict nor judgment in the record, there is no basis upon which an appeal on this ground may rest. *White v. Keller, supra; Byrd v. Hampton*, 243 N.C. 627, 91 S.E. 2d 671.

These cases are still on the docket of the Superior Court of Surry County for trial on the issues raised by the pleadings.

An appeal does not lie directly to this Court from an adverse ruling by a clerk of the Superior Court.

Appeal dismissed.