HOMER   JEFFERSON   SIZEMORE   v.   JEFFREY   EUGENE   RAXTER   AND
DILLARD EUGENE RAXTER

No. 8127SC1170

(Filed 6 July 1982)

**1. Rules of Civil Procedure § 59— new trial to meet ends of justice**

In a personal injury action in which the jury answered the negligence
issue in plaintiff's favor but answered the contributory negligence issue
against him, the trial court did not abuse its discretion in granting plaintiff's
G.S. 1A-1, Rule 59 motion for a new trial on the ground that "the ends of
justice will be met" thereby.

**2. Appeal and Error § 6.8— denial of motion for directed verdict—no immediate
appeal**

Interlocutory rulings in the course of trial, such as the denial of defend-
ants' motion for directed verdict, are not immediately appealable.

APPEAL by defendants from *Friday, Judge.* Order entered 22
June 1981 in Superior Court, GASTON County. Heard in the Court
of Appeals 11 June 1982.

Defendants appeal from an order granting plaintiff's motion
for a new trial.

*Roberts and Planer, P.A., by Joseph B. Roberts, III, for plain-
tiff appellee.*

*John B. Whitley for defendant appellants.*

WHICHARD, Judge.

Plaintiff sought damages for injuries he sustained when
struck by an automobile owned by defendant Dillard Raxter and
operated by defendant Jeffrey Raxter. The jury answered the
negligence issue in plaintiff's favor, but answered the con-
tributory negligence issue against him.

The trial court granted plaintiff's G.S. 1A-1, Rule 59 motion
for a new trial. Defendants appeal, contending (1) their motion for
a directed verdict on the ground of contributory negligence as a
matter of law should have been granted, and (2) the court erred
in granting plaintiff's motion for a new trial.

[1]   One of the grounds on which the court granted plaintiff's mo-
tion was that "the ends of justice will be met" thereby. G.S. 1A-1,

Rule 59(a)(9), permits the granting of a new trial for "[a]ny . . . reason heretofore recognized as grounds for new trial." That justice would be served thereby was, when Rule 59 was adopted, a recognized ground for granting a new trial. *See Walston v. Greene*, 246 N.C. 617, 99 S.E. 2d 805 (1957). The decision "rests in the sound discretion of the trial judge." *Id.* at 617, 99 S.E. 2d at 806. Absent record disclosure of abuse of discretion, "the order is not subject to review on appeal." *Id. See also Britt v. Allen*, 291 N.C. 630, 634-35, 231 S.E. 2d 607, 611 (1977); *Atkins v. Doub*, 260 N.C. 678, 133 S.E. 2d 456 (1963); *Byrd v. Hampton*, 243 N.C. 627, 91 S.E. 2d 671 (1956); *White v. Keller*, 242 N.C. 97, 99, 86 S.E. 2d 795, 796-97 (1955); *Strayhorn v. Bank*, 203 N.C. 383, 166 S.E. 312 (1932). No abuse of discretion appears.

[2]   Interlocutory rulings in the course of trial, such as the denial of defendants' motion for directed verdict, are not immediately appealable. Defendants' assignment of error to the denial of their motion for directed verdict thus is not reviewable at this time. *Atkins, supra; Byrd, supra; White, supra; Strayhorn, supra.*

Appeal dismissed.

Judges CLARK and WEBB concur.