RUTHERFORD PLANTATION, LLC, PLAINTIFF
v.
THE CHALLENGE GOLF GROUP OF THE CAROLINAS, LLC F/K/A PREMIER BALSAM BUILDERS, LLC, DEFENDANTS

No. COA12-666

Filed 15 January 2013

**1. Appeal and Error—interlocutory orders—partial summary judgment—anti-deficiency statute—substantial right**

Although defendant's appeal from the grant of partial summary judgment in favor of plaintiff was from an interlocutory order, the issue of whether the trial court violated North Carolina's anti-deficiency statute by granting a monetary judgment on a purchase money note affected a substantial right, thus entitling defendant to immediate review.

**2. Civil Procedure—Rule 59—denial of motion to amend—partial summary judgment order**

The trial court abused its discretion in an action seeking recovery of the balance due on a promissory note plus attorney

fees, or in the alternative an order for specific performance, by denying defendant's N.C.G.S. § 1A-1, Rule 59 motion to amend a partial summary judgment order. N.C.G.S. §45-21.38 prohibited a monetary judgment in this instance.

Judge STROUD dissenting.

Appeal by defendant from partial summary judgment order entered 4 November 2011 and from order denying defendant's motion to amend entered 29 November 2011 by Judge Marvin P. Pope, Jr. in Rutherford County Superior Court. Heard in the Court of Appeals 24 October 2012.

*David A. Lloyd for plaintiff.*

*McGuire, Wood & Bissette, P.A., by Douglas J. Tate for defendant.*

ELMORE, Judge.

The Challenge Golf Group of the Carolinas, LLC f/k/a Premier Balsam Builders, LLC (defendant) appeals the trial court's order granting partial summary judgment in favor of Rutherford Plantation, LLC (plaintiff) and the trial court's order denying its Rule 59 motion to amend. After careful consideration, we reverse the trial court's order denying defendant's Rule 59 motion to amend and remand for further proceedings consistent with this opinion.

## Background

On 17 May 2010, plaintiff, former owner and operator of Cleghorn Golf and Country Club (Cleghorn), negotiated an offer to purchase and contract (the contract) with defendant whereby plaintiff agreed to sell and defendant agreed to buy the property and personalty associated with Cleghorn for $4,750,000.00. On 1 June 2010, plaintiff conveyed the property to defendant by a general warranty deed. Pursuant to the contract, defendant paid $750,000.00 at closing and the parties executed a purchase money deed of trust in favor of plaintiff, as beneficiary, for the remaining $4,000,000.00 In return, defendant agreed to pay plaintiff $33,754.27 per month for 60 months. Thereafter, defendant was to make a balloon payment of $3,040,363.94 on 1 June 2015 to satisfy the balance.

Defendant defaulted on its obligation in April 2011, making no subsequent payments to plaintiff. Plaintiff provided defendant with a written notice of default and notice of acceleration of the debt. Defendant failed to cure. As a result of defendant's continued default, plaintiff initiated this action seeking recovery of the balance due on the promissory note plus attorneys' fees, or, in the alternative, an order for specific performance.

In its pleadings, defendant raised the affirmative defense of fraud as well as counterclaims for fraud, breach of contract, and unfair and deceptive trade practices. Defendant alleged that plaintiff fraudulently induced it to purchase Cleghorn by misrepresenting the financials for the business and by distorting the number of golf rounds played in previous years.

On 17 October 2011, plaintiff moved for summary judgment pursuant to Rule 56 on all claims. The trial court partially granted plaintiff's motion for summary judgment on 4 November 2011. In its order, the trial court entered a deficiency judgment against defendant for $4,013,549.65, which represented the amount of plaintiff's claim as appearing in the pleadings, together with additional accrued interest through 31 October 2011. Pursuant to Rule 59, defendant moved to amend the partial summary judgment order. Defendant's motion was denied and it now appeals.

## A. Rule 59 Motion to Amend

In the case *sub judice*, we need only to address defendant's second issue on appeal. Defendant argues that the trial court erred in denying its motion to amend the partial summary judgment order. We agree.

[1] We note initially that defendant has appealed from an interlocutory order. Interlocutory orders are, however, subject to appellate review when the order deprives the appellant of a substantial right that would be lost unless immediately reviewed. *See Waters v. Qualified Personnel, Inc.*, 294 N.C. 200, 207, 240 S.E.2d 338, 343 (1978). Moreover, the deprivation of that substantial right must potentially work injury . . . if not corrected before appeal from final judgment." *Goldston v. Am. Motors Corp.*, 326 N.C. 723, 726, 392 S.E.2d 735, 736 (1990).

N.C. Gen. Stat. § 1-278 provides that "upon an appeal from a judgment, the court may review any intermediate order involving the merits and necessarily affecting the judgment." In *Paynter v. Maggiolo*,

we held that an order granting summary judgment on issue of whether North Carolina's anti-deficiency statute prohibited the holder of a second purchase money deed of trust from bringing an *in personam* action affected a substantial right and was immediately appealable. 105 N.C. App. 312, 313-314, 412 S.E.2d 691, 693 (1992). Here, the issue is whether the trial court violated North Carolina's anti-deficiency statute by granting a monetary judgment on a purchase money note. Such issue on appeal necessarily affects the judgment. Therefore, we conclude that a substantial right is affected, and we will consider the substance of this appeal.

This Court's "review of a trial judge's discretionary ruling . . . is strictly limited to the determination of whether the record affirmatively demonstrates a manifest abuse of discretion by the judge." *Beneficial Mortg. Co. v. Peterson*, 163 N.C. App. 73, 84, 592 S.E.2d 724, 731 (2004) (quoting *Worthington v. Bynum*, 305 N.C. 478, 482, 290 S.E.2d 599, 602 (1982) (citations and quotations omitted).

[2] Defendant specifically argues that the partial summary judgment order is contrary to law pursuant to N.C. Gen. Stat. § 45-21.38. According to the statute:

> [T]he mortgagee or trustee or holder of the notes secured by such mortgage or deed of trust shall not be entitled to a deficiency judgment on account of such mortgage, deed of trust or obligation secured by the same: Provided, said evidence of indebtedness shows upon the face that it is for balance of purchase money for real estate: Provided, further, that when said note or notes are prepared under the direction and supervision of the seller or sellers, he, it, or they shall cause a provision to be inserted in said note disclosing that it is for purchase money of real estate; in default of which the seller or sellers shall be liable to purchaser for any loss which he might sustain by reason of the failure to insert said provisions as herein set out.

N.C. Gen. Stat. §45-21.38 (2012).

Thus, N.C. Gen. Stat. §45-21.38 specifies that the foreclosing party is not entitled to a deficiency judgment if the underlying transaction is a purchase money transaction. In the case *sub judice*, plaintiff drafted the contract, the purchase money promissory note, and the purchase money deed of trust. The contract specifically provided that the purchase money promissory note was secured by a "purchase

money deed of trust which shall be first lien on the Property." As such, both parties had sufficient notice that the contract was to be construed as a purchase money transaction.

First, we note that defendant's failure to argue N.C. Gen. Stat. §45-21.38 at the summary judgment hearing does not preclude it from arguing the statute on appeal. The trial court is expected to take judicial notice of public statutes. *See Moyle v. Hopkins*, 222 N.C. 33, 34, 21 S.E.2d 826, 827 (1942). Second, we recognize that defendant made a scriveners error in its motion to amend, stating that the motion was brought pursuant to Rule 59(a)(8) instead of Rule 59(a)(7). However, such error is not fatal provided the substantive grounds and relief desired are apparent and the nonmovant is not prejudiced thereby. *See Garrison v. Garrison*, 87 N.C. App. 591, 361 S.E.2d 921 (1987). In its motion to amend, defendant argued that the trial court made an "error of law" in entering the monetary judgment in favor of plaintiff as N.C. Gen. Stat. §45-21.38 states that a mortgagee is not entitled to a monetary judgment when the executed deed of trust is to secure payment of the balance of the purchase price of real property. We conclude that the substantive grounds for relief were apparent and defendant brought its motion pursuant to Rule 59(a)(7). *See* N.C. Gen. Stat. § 1A-1, Rule 59.

We agree with defendant in that the entry of a deficiency judgment in favor of plaintiff was improper as N.C. Gen. Stat. §45-21.38 prohibits a monetary judgment in this instance.

## B. Abuse of Discretion

We must next consider whether the trial court's denial of defendant's Rule 59 motion to amend constituted an abuse of discretion. We believe it did.

"Abuse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988) (citation omitted).

This court has concluded that

the benefits of [N.C. Gen. Stat. §45-21.38] *cannot be waived*. As interpreted by our Supreme Court in *Ross Realty*, it effects the broad public purpose of abolishing deficiency judgments in purchase money transactions if foreclosure on the security yields an insufficient fund to

> satisfy the indebtedness secured. The protection [N.C. Gen. Stat. §45-21.38] offers is afforded to all purchasers of realty who secure any party of the purchase price with a deed of trust on the realty they are purchasing.

*Chemical Bank v. Belk*, 41 N.C. App. 356, 365, 255 S.E.2d 421, 427, cert. denied, 298 N.C. 293, 259 S.E.2d 911 (1979) (citing (emphasis added); *See also Ross Realty Co. v. First Citizens Bank & Trust Co.*, 296 N.C. 366, 250 S.E.2d 271 (1979). By providing that the statute cannot be waived, the legislature emphasized the importance of protecting buyers in purchase money transactions. In the case at hand, the parties did not attempt to waive N.C. Gen. Stat. § 45-21.38. However, assuming *arguendo* that they had intended such, the "waiver would defeat the legislative purpose of N.C. Gen. Stats. § 45-21.38 and would attempt, by private action of parties, to confer upon the courts that jurisdiction over the question that was expressly taken away by the enactment of the statute." *Id.* at 366, 255 S.E.2d at 428.

As such, we are persuaded that the partial summary judgment order is contrary to N.C. Gen. Stat. § 45-21.38. Accordingly, the trial court abused its discretion by denying defendant's motion to amend.

### Conclusion

In sum, the trial court erred in entering a deficiency judgment against defendant. Thus, the trial court's denial of defendant's Rule 59 motion to amend constituted an abuse of discretion. After careful consideration, we reverse the trial court's order and remand for further proceedings consistent with this opinion.

Reversed and remanded.

Judge BEASLEY concurred prior to 18 December 2012.

Judge STROUD dissents by separate opinion.

STROUD, Judge, dissenting.

Because I believe that this Court has no authority to review defendant's argument based upon defendant's failure to file a timely appeal to the trial court's partial summary judgment order, I respectfully dissent.

I will not repeat the procedural history as provided by the majority opinion but would add some pertinent dates. The trial court's par-

tial summary judgment order was entered on 4 November 2011, and defendant filed its motion to amend the order granting partial summary judgment, pursuant to N.C. Gen. Stat. § 1A-1, Rule 59(a)(8), on 14 November 2011. The trial court entered its order denying the motion to amend the partial summary judgment order on 28 November 2011. Defendant filed notice of appeal to both orders on 19 December 2011.

I. Appeal from 4 November 2011 partial summary judgment order

I would first note that defendant's appeal of the partial summary judgment order, entered on 4 November 2011, was not filed within 30 days of entry of the order, so it is not timely and must be dismissed. Defendant's motion for amendment of the order was made pursuant to N.C. Gen. Stat. § 1A-1, Rule 59. The motion itself cites Rule 59(a)(8) specifically, although defendant argues on appeal that, "At the hearing Challenge Golf argued that the summary judgment order should have been amended under Rule 59(a)(7) and (a)(9) of the North Carolina Rules of Civil Procedure."[1] These subsections of Rule 59 provide as follows:

> (a)  Grounds.—A new trial may be granted to all or any of the parties and on all or part of the issues for any of the following causes or grounds:
>
> . . . .
>
> (7)  Insufficiency of the evidence to justify the verdict or that the verdict is contrary to law;
>
> (8)  Error in law occurring at the trial and objected to by the party making the motion, or
>
> (9)  Any other reason heretofore recognized as grounds for new trial.

N.C. Gen. Stat. § 1A-1, Rule 59.

A motion for new trial under Rule 59 will toll the time for notice of appeal if the motion is properly a Rule 59 motion; the title of the motion is, however, not controlling. *See Smith v. Johnson*, 125 N.C. App. 603, 606, 481 S.E.2d 415, 417 ("The mere recitation of the rule

---

1. Defendant also refers to its motion as a Rule 59(e) motion. Rule 59(e) does not provide any substantive grounds for relief; it merely provides that "A motion to alter or amend the judgment under section (a) of this rule shall be served not later than 10 days after entry of the judgment." Defendant's motion was filed within 10 days of the partial summary judgment order.

number relied upon by the movant is not a statement of the grounds within the meaning of Rule 7(b)(1). The motion, to satisfy the requirements of Rule 7(b)(1), must supply information revealing the basis of the motion." (citations omitted)), *disc. rev. denied*, 346 N.C. 283, 487 S.E.2d 554 (1997). Defendant's motion to amend judgment was not a proper Rule 59 motion, but instead was an attempt to reargue the summary judgment motion, raising a new legal issue which it had not previously raised.

A Rule 59 motion is properly filed after a trial by jury or a bench trial. *See Garrison ex rel. Chavis v. Barnes*, 117 N.C. App. 206, 211, 450 S.E.2d 554, 557 (1994) (citing W. Brian Howell, Shuford North Carolina Civil Practice & Procedure § 59, at 625 (4th ed. 1992) for the proposition that "Rule 59 provides relief from judgments in jury or nonjury trials resulting from errors occurring during trial."). Rule 59(a)(7) is simply not applicable to this case, as the challenge was to a summary judgment order; sufficiency of the evidence is not a consideration in this situation and there was no "verdict." The majority opinion treats defendant's reference to Rule 59(a)(8) in its motion as a "scrivener's error," accepting defendant's reply brief argument that defendant instead meant Rule 59(a)(7). Defendant repeatedly refers to the trial court's partial summary judgment order as a "verdict," but calling it a verdict does not make it one. A summary judgment order is not a "verdict." Calling it a verdict "is an infelicitous and inaccurate choice of words, for the word 'verdict' means the answer of the jury concerning any matter of fact submitted to them for trial." *State v. Jernigan*, 255 N.C. 732, 736, 122 S.E.2d 711, 714 (1961) (citations omitted). Rule 59(a)(7) is not applicable to the trial court's order granting partial summary judgment. As the majority relies upon Rule 59(a)(7) for its analysis, I cannot join in its opinion.

Defendant's only argument as to the anti-deficiency statute is that the trial court made an error of law, which would fit best under Rule 59(a)(8). But again, there was no "trial," only a hearing on a motion for summary judgment, and defendant did not raise the anti-deficiency statute defense at that hearing, so Rule 59(a)(8) is not applicable. Defendant acknowledges that "Challenge Golf did not argue N.C. Gen. Stat. §45-21.38 or *Barnaby v. Boardman* at the summary judgment hearing," but asks that this Court take "judicial notice of 'matters appearing upon public statutes,' " specifically N.C. Gen. Stat. § 45-21.38. Rule 59(a)(8) specifically addresses "error of law" but still requires that the party who challenges the trial court's ruling must have "objected," or raised the issue before the trial court. The fact that a

court can take judicial notice of a statute does not provide an alternate method for raising new legal arguments after a hearing is over.

> Both a motion and an order for new trial filed under Rule 59(a)(8) have two basic requirements. First, the errors to which the trial judge refers must be specifically stated. Second, the moving party must have objected to the error which is assigned as the basis for the new trial. N.C.Gen. Stat. 1A-1, Rule 59(a)(8).

*Barnett v. Security Ins. Co. of Hartford*, 84 N.C. App. 376, 380, 352 S.E.2d 855, 858 (1987) (citation omitted). Defendant clearly failed to do this, and its argument asks us to consider Rule 59(a)(8)'s requirement of "objection" to the ruling during the "trial" as unnecessary. Defendant's argument simply does not fit within the plain language of the rule.

Defendant then argues that the trial court should have exercised its broad powers under the "catch-all" of Rule 59(a)(9), contending that this "provision [ ] recognizes the discretionary power of the court to order a new trial when justice would be served and gives the court broad discretion to amend a judgment. *See Sizemore v. Raxter*, 58 N.C. App. 236, 236-237, 293 S.E.2d 294(1982)".

Even if I ignore the fact that there has been no "trial" in this case, and that all of the cases cited by Defendant address motions filed after a full trial, even the cases cited by defendant fail to show that our courts have ever recognized a legal error such as defendant argues here as grounds for a new trial under Rule 59(a)(9). In fact, the case upon which *Sizemore* relies makes it clear that this subsection excludes "legal error:"

> "Whether a verdict should be set aside, *otherwise than for error of law*, rests in the sound discretion of the trial judge. Here the trial judge, 'being of the opinion that justice and equity' required that he do so, exercised such discretion and set the verdict aside. The record discloses no abuse of discretion; hence, the order is not subject to review on appeal.

*Walston v. Greene*, 246 N.C. 617, 617, 99 S.E.2d 805, 805-06 (1957) (emphasis added) (cited by *Sizemore*, 58 N.C. App. at 237, 293 S.E.2d at 294).

Defendant argues specifically that "[t]he partial summary judgment should have been amended because the trial court made an *error of law*, and correcting that error would serve the ends of justice." As defendant presents solely an error of law, the trial court's ruling was not subject to challenge under Rule 59(a)(9); the trial court's ruling was subject to challenge only by appeal.

Essentially, a motion under any of the subsections of Rule 59 argued by defendant is proper only after a trial and not after a summary judgment hearing. This Court addressed a similar situation in *Bodie Island Beach Club Ass'n, Inc. v. Wray*:

> On 6 August 2010, SRS filed a Motion to Set Aside Default and Summary Judgment pursuant to Rule 55(d), 59(a)(8) and (9), and 60(b) of the North Carolina Rules of Civil Procedure. SRS argues that the Rule 59 Motion to Set Aside Default and Summary Judgment tolled the appeal from 6 August 2010, filed within ten days of the 30 July 2010 order, making its appeal timely. We disagree. Because both Rule 59(a)(8) and (9) are properly made after a trial, and the case *sub judice* concluded at the summary judgment stage, SRS' 6 August 2010 motion did not toll the appeal, permitting us to dismiss the appeal as to the 30 July 2010 Order and the 24 September 2010 Order.

*Bodie Island Beach Club Ass'n, Inc. v. Wray*, ___ N.C. App. ___, ___, 716 S.E.2d 67, 72 (2011).

Similarly, the Motion to Amend Judgment here did not toll the time for appeal of the order granting partial summary judgment because it was not a proper Rule 59 motion, but instead was an attempt to present a new legal issue to the trial court which was not raised in defendant's answer or at the summary judgment hearing. As time for appeal was not tolled and defendant's notice of appeal was not filed within 30 days of entry of the order, I would dismiss defendant's appeal from the partial summary judgment order.

II.  Appeal from order denying motion to amend judgment

Defendant's appeal from the order denying its motion to amend the partial summary judgment order was filed within 30 days of entry of the order and thus was timely. Yet I believe that any further consideration of defendant's argument of legal error is foreclosed by its

improper attempt to use a Rule 59 motion as a substitute for an appeal. This situation was addressed by our Court in *Smith v. Johnson:*

> Defendants have timely appealed from the denial of their motion [based upon Rule 59(a)(2) & (7) and Rule 59(e).] Having determined, however, that the motion is merely a request that the trial court reconsider its earlier decision and having determined that it does not qualify as a Rule 59(e) motion, and because there are no other provisions for motions for reconsideration, the motion was properly denied.

*Smith,* 125 N.C. App. at 607, 481 S.E.2d at 417.

Because defendant's appeal from the partial summary judgment order was not timely and should be dismissed, this Court cannot consider defendant's arguments regarding other reasons that the trial court should not have granted summary judgment, such as questions of material fact as to certain defenses. I note that the majority also avoided discussion of these issues, instead focusing upon the one issue which could arguably still be subject to review, the inability to waive the protections of the anti-deficiency statute. But since there is no argument for reconsideration of the trial court's ruling other than that based upon the anti-deficiency statute, which was improperly and belatedly raised by defendant in its motion to amend judgment, I believe we must affirm the trial court's ruling upon the defendant's motion to amend as well.

Although I recognize that *Barnaby v. Boardman,* 313 N.C. 565, 330 S.E.2d 600 (1985), *Chemical Bank v. Belk,* 41 N.C. App. 356, 255 S.E.2d 421 (1979), and *Ross Realty v. First Citizens Bank and Trust Co.,* 296 N.C. 366, 250 S.E.2d 271 (1979), do hold that a purchaser cannot waive the protections of the anti-deficiency statute, none of those cases presented a situation in which the purchaser failed to present the defense before the trial court. In those cases, the argument was that for various reasons, the purchasers had foregone the protections of N.C. Gen. Stat. § 45-21.38 in the underlying transaction. *See Barnaby,* 313 N.C. at 567, 330 S.E.2d at 601-02; *Chemical Bank,* 41 N.C. App. at 364, 255 S.E.2d at 426; *Ross Realty,* 296 N.C. at 367, 250 S.E.2d at 272.

I do not think the fact that the purchaser cannot waive this defense at the front end of the deal eliminates the provisions of the Rules of Civil Procedure and all of the case law establishing what a

court may or may not consider under Rule 59 when the deal goes bad and ends up in litigation. I believe that reversing the trial court's order of partial summary judgment for the reasons as stated by the majority is inconsistent with the plain language of our Rules of Civil Procedure. I therefore respectfully dissent. I would dismiss defendant's appeal as to the order granting partial summary judgment and affirm the trial court's order denying defendant's motion to amend its judgment.